**THOMAS v. HOWELL.    (No. 10753.)**

(Court of Civil Appeals of Texas. Fort Worth. Nov. 10, 1923.)

1. **Appeal and error ⊚⟞781(4)—Appeal from an order refusing to dissolve a temporary injunction dismissed where question has become moot.**

Where, after denial of a motion to dissolve a temporary injunction based alone on demurrer to the petition, the case was tried on the merits and the temporary injunction made final and defendant filed a motion for new trial, which is still undetermined, defendant's appeal from the order overruling the motion to dissolve will be dismissed, the question having become moot, and the questions raised by the general demurrer necessarily entering into the determination upon the merits.

2. **Pleading ⊚⟞214(1)—Allegations accepted as true against a general demurrer.**

The allegations of a petition are accepted as true as against a general demurrer.

3. **Appeal and error ⊚⟞781(1)—Question of costs does not call for a general review of the proceedings.**

A question of costs alone involved on appeal is insufficient to call for a general review of the proceedings as against motion to dismiss.

4. **Appeal and error ⊚⟞920(3)—Appellate court will infer that temporary writ of injunction is of usual form and effect, in absence of evidence to contrary.**

On appeal from an order refusing to dissolve a temporary writ of injunction, where neither the writ nor the order appealed from appears in the record, and there being nothing to show that the writ by its terms was made to extend beyond the time of the final hearing upon the merits, the appellate court will infer

that the temporary writ was of the usual form and effect.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by D. F. Howell against C. J. Thomas for an injunction. From an order refusing to dissolve a temporary injunction, defendant appeals. Appeal dismissed.

E. M. Herndon, of Dallas, for appellant. Walker & Baker, of Cleburne, for appellee.

CONNER, C. J. [1-4] D. F. Howell, appellee, instituted this suit in the district court of Johnson county against C. J. Thomas, appellant, to recover 4,000 feet of oil well casing, together with a sand line and a casing line. He described the location of the property and alleged that the defendant was removing the same from the plaintiff's possession, and he sought and obtained a temporary writ of injunction to prevent the defendant's further threatened action. The defendant filed a motion to dissolve the injunction, relying alone upon his general demurrer to the plaintiff's petition. The court overruled the motion to dissolve, from which order this appeal has been duly taken.

At the time of the order overruling the motion to dissolve the temporary writ, the main case was set down for trial upon its merits. Thereafter, on the 22d day of October, 1923, the main case was tried upon its merits and a judgment rendered in favor of plaintiff, D. F. Howell, in accordance with the prayer of his petition. The court in its judgment then perpetuated and made final the temporary writ of injunction that had theretofore been issued. The record shows that thereafter in due time the defendant filed a motion for a new trial, which, so far as developed by the record, is yet pending undetermined.

Upon this state of facts, the appellee, D. F. Howell, presents a motion in this court to dismiss the appeal taken from the court's order overruling the motion to dissolve the temporary injunction, on the ground that the question now before us on the present appeal has become moot, and we conclude that the motion must be sustained.

As we conclude, it is now immaterial to determine whether the court erred, or did not err, in his ruling. It was based, evidently, entirely upon his construction of the plaintiff's petition, the allegations of which, of course, were accepted as true as against the general demurrer. The record fails to show whether or not the plaintiff filed any amended pleading before the trial upon the merits. He may have done so for aught that the record shows. But, if not, the general demurrer urged upon the motion to dissolve was then available, and the questions thereby raised necessarily entered into the determination upon the merits and will necessarily be involved upon a hearing upon appeal from the judgment upon the merits. We see nothing practical that can be accomplished by now reviewing the action of the court upon the motion to dissolve. Should we sustain the appeal in this respect and dissolve the temporary writ, there yet remains in force the judgment upon the merits perpetually enjoining appellant from his threatened procedure. Should we sustain the action of the court in overruling the motion to dissolve, it will add nothing to the force of the final judgment upon the merits. So that, so far as we have been able to apprehend, the present appeal presents nothing of material importance other than a question of cost, which, it is well settled, will not call for a general review of the proceedings. See Whitesides v. Woods (Tex. Civ. App.) 210 S. W. 333. We will add that while neither the temporary writ of injunction nor the order therefor appears in the record, nothing appears which shows that the writ by its terms was made to extend beyond the time of the final hearing upon the merits. We will infer, therefore, that the temporary writ was of the usual form and effect. Such writs are generally for the purpose of either preserving the status quo until the final hearing can be had, or of protecting and preserving property from great and immediate injury. Such an injunction is usually made operative until the coming in of the answer or until the final hearing of the cause, and not beyond this time.

It is accordingly ordered that the appellee's motion be sustained, and the appeal dismissed.