CITY OF CORPUS CHRISTI, Appellant,

v.

Holman CARTWRIGHT et al., Appellees.

No. 12894.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1955.

I. M. Singer, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

R. E. Schneider, George West, Harry J. Schulz, Three Rivers, Vinson, Elkins, Weems & Searls, Victor W. Bouldin, Houston, for appellee.

NORVELL, Justice.

This is an appeal from an order refusing a temporary injunction prayed for by the City of Corpus Christi, seeking to restrain Holman Cartwright and four others from acting as directors of Live Oak County Water Control and Improvement District No. 1. On February 18, 1955, the Commissioners' Court of Live Oak County held a hearing to consider a petition requesting the formation of a water control and improvement district. Appellant, City of Corpus Christi, as the owner of lands lying within the boundaries of the proposed district, appeared with others and protested the organization of such district. However, the Commissioners' Court overruled the protests, granted the petition and appointed Cartwright and the other four appellees to serve as directors of such district until such time as their successors should be elected or appointed in accordance with law. The City of Corpus Christi thereupon perfected an appeal to the District Court of Live Oak County in accordance with the provisions of Article 7880-18, Vernon's Ann.Tex.Stats.

The appellant contends here that the district judge should have granted the temporary injunction because the order of the Commissioners' Court was superseded or suspended by the appeal to the district court.

Upon oral argument before this Court, it was stated that the district judge had heard

the appeal of the City of Corpus Christi and announced that he was of the opinion that the order of the Commissioners' Court of February 18, 1955, was valid, but that such holding had not been placed in the form of a written order or judgment. Since that time, appellees have filed in this Court a suggestion that this cause, insofar as the temporary injunction is concerned, is now moot. Filed with this suggestion is a certified copy of the formal decree of the district court signed on June 6, 1955. This order specifically provides that "the judgment and order of the County Commissioners' Court of Live Oak County, Texas, entered on February 18, 1955, creating and establishing Live Oak County Water Control and Improvement District No. 1 * * * is hereby in all things affirmed; * * *."

 The question of whether or not the district judge should have issued a temporary injunction to remain in effect from the date of the hearing thereon, April 15, 1955, to the date of final judgment in the district court is now clearly moot. A temporary injunction remains in force only until a final decree is rendered by the district court. Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579; Morgan v. Smart, Tex. Civ.App., 88 S.W.2d 769. After a final judgment has been rendered by the district court and an appeal perfected to this Court, the case enters a different phase and under certain circumstances a trial judge may enter a stay order pending appeal or, under extraordinary circumstances when it is necessary to preserve our jurisdiction, we may enter an original order under authority of Article 1823, Vernon's Ann.Tex.Stats. These matters have recently been considered by us in Wolf v. Young, Tex.Civ.App., 275 S.W.2d 741.

 If it be considered that appellant was correct in its contention that a temporary injunction should have issued, this Court at the present time is patently unable to render such judgment as the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure. The time for such action has now passed and the proper purpose of the order requested, i. e., to preserve the status quo pending a hearing upon the merits in the district court can no longer be served. It is not the function of the appeal from an order granting or refusing a temporary injunction to provide for a system of double trials of causes, nor to substitute an appeal from an interlocutory order as an advance appeal from the final judgment.

This cause, insofar as appellant's prayer for a temporary injunction is concerned, is declared moot and accordingly dismissed. Spencer v. State, Tex.Civ.App., 132 S.W.2d 146; Corpus Christi Developers v. Chiles, Tex.Civ.App., 275 S.W.2d 700.

POPE, J., did not participate in the decision of this appeal.