Wayne A. JOHNSON, Appellant,

v.

**CITY OF CORPUS CHRISTI, Appellee.**

No. 4176.

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 14, 1967.

Fischer, Wood, Burney & Nesbitt, James P. Ryan, Corpus Christi, for appellant.

I. M. Singer, City Atty., Robert E. Young, Asst. City Atty., Corpus Christi, for appellee.

GRISSOM, Chief Justice.

The City of Corpus Christi, in March 1966, passed an ordinance authorizing the condemnation of appellant's property for a public use. After the city had, in compliance with all statutory requirements therefor, condemned Mr. Johnson's property, it deposited the amount of the Commissioners' award in the registry of the court and demanded possession of the condemned land. Mr. Johnson sought a temporary injunction to keep the City from taking possession of his condemned property pending an appeal. Upon a trial, the injunction was refused. Johnson has appealed from the refusal of the trial court to grant him a temporary injunction preventing the City from taking possession of the condemned land while his appeal is pending.

The substance of appellant's contention is that the City is taking his property for a private instead of public use. A large record was made upon the trial. We are convinced that the record does not compel the conclusion, asserted by appellant, that his property is being taken for a private use. On the contrary, it supports the conclusion that appellant's property was condemned for use by the public as a park.

■ Article 3268 provides that if the plaintiff in the condemnation proceedings desires to take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the Commissioners by depositing the amount of the Commissioners' award in court, subject to the order of condemnee and paying the costs awarded against it. The City has complied with that statute. When the City complied with the statute it became entitled to possession, as a matter of law, unless appellant established, which he did not, that the condemnation proceeding was a taking for private use. Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93, certiorari denied 348 U.S. 818, 75 S.Ct. 29, 99 L.Ed. 645; Culligan Soft Water Service v. State of Texas, Tex.Civ. App., 385 S.W.2d 613, 615, Ref. N.R.E.; Brazos River Gas Co. v. Brazos River Conservation & Reclamation Dist., Tex.Civ. App., 150 S.W.2d 350, 356 (W.R.); Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104; Brunson v. State, Tex.Civ. App., 410 S.W.2d 9.

■ As stated, the record sustains the conclusion that appellant's property is being condemned by the City for a public use; that it is being taken for use as a public park. The term "public park," admittedly, has some elasticity. However, it is established law in Texas that a City taking land by condemnation for use as a public park is taking it for a public use. Lewis v. City of Fort Worth, 126 Tex. 458, 89 S.W.2d 975, 978; Schooler v. State, Tex.Civ.App., 175 S.W. 2d 664, Ref. W.O.M. See also State of Texas v. Jackson (Sup.Ct.), 388 S.W.2d 924, 925.

It is evident that appellant has not established that the City Counsel of the City of Corpus Christi has been guilty of arbitrary, capricious or unreasonable action in including appellant's land as a site for a city park and adopting an ordinance authorizing its condemnation. Appellant has not shown that the trial court abused its discretion in denying appellant's petition for a temporary

injunction to prevent the City from taking possession of his property.

Mr. Johnson asks this court to issue a Writ of injunction preventing the City from taking possession of said property pending a trial on the merits. We are informed that the case is set for trial on its merits on June 6, 1967. Under the situation disclosed, the case can be speedily determined in a trial on the merits. We think that, as a matter of law, the City was entitled to possession when it complied with Article 3268, as it did. We refuse to issue a temporary injunction.

The judgment is affirmed.