cient. The transfer of the stock and the payment for the same were intended to be mutual and concurrent acts, and it was not contemplated that either party should perform some act as a condition precedent to the act of the other. If a contract calls for successive acts, first by one party, and then by the other, there is no breach by one if the precedent act has not been performed by the other; but if the contract contemplates concurrent acts, it is sufficient to put one party in default that the other party is ready, willing, and offers to perform his part of the contract. A tender as applied to such a case, does not mean the same kind of offer as the tender of money in payment of a debt, where the money is offered to the creditor unconditionally and the transaction is completed and ended. It means an offer accompanied with ability to do the act required of one party provided the other will concurrently do what he is required to do.' "

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

Fischer, Wood, Burney & Nesbitt, James P. Ryan, Corpus Christi, for petitioner.

I. M. Singer, City Atty., Robert E. Young, Asst. City Atty., Corpus Christi, for respondent.

**Wayne A. JOHNSON, Petitioner,**

v.

**CITY OF CORPUS CHRISTI, Respondent.**

**No. B–402.**

Supreme Court of Texas.

Oct. 11, 1967.

APPLICATION FOR WRIT
OF ERROR

PER CURIAM.

This is an appeal from an order of the County Court refusing to grant Petitioner a temporary injunction restraining the Respondent, the City of Corpus Christi, from taking possession of Petitioner's property in a condemnation proceeding. Such action of the County Court was affirmed by

**202**

the Court of Civil Appeals, 416 S.W.2d 504. The Respondent has filed in this Court a motion to dismiss the appeal on the ground that the injunction feature of the proceeding is moot, stating as grounds therefor that "The Opinion of the Court of Civil Appeals was issued May 26, 1967, and the City being under no further restraint has taken possession of the property under a writ of possession and dispossessed all persons." Petitioner has not filed any reply to the motion or otherwise controverted its allegations of fact.

Writ of error is granted without reference to the merits of the matter decided below. The orders of the County Court and the Court of Civil Appeals pertaining to the temporary injunction are set aside, and the cause, insofar as it relates to the matter of a temporary injunction, is dismissed at Petitioner's cost. Downs v. City of Abilene, (Tex.Sup.) 391 S.W.2d 41 (1965) and cases therein cited.

**Alfred FLORES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40579.**

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Peter Torres, Jr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Gilbert G. Pompa and Teodoro Arevalo, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.