ROADRUNNER INVESTMENTS,
INC., Appellant,

v.

TEXAS UTILITIES FUEL COMPANY,
Appellee.

No. 17623.

Court of Civil Appeals of Texas,
Fort Worth.

July 11, 1975.

Wilbur T. Knape, Bedford, for appellant.

Jennings, Montgomery & Dies, Graham and Worsham, Forsythe & Sampels and John P. Pinkerton, Dallas, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the plaintiff, Roadrunner Investments, Inc., from the trial court's order denying its application for a temporary injunction.

In another case, being No. 12280, which also pends in the Wise County District Court, the defendant here, Texas Utilities Fuel Company, had filed a condemnation suit in which it sought to condemn a natural gas pipeline easement across Roadrunner's land.

For convenience we will refer herein to plaintiff as Roadrunner and to the defendant as TUFCO.

After TUFCO had filed the condemnation suit Roadrunner responded by filing this separate case against TUFCO in the same Court. It is case No. 12304 in the trial court. Roadrunner, in its petition in this case, sought a temporary injunction against TUFCO temporarily enjoining it from proceeding and continuing with its condemnation suit and with the hearing before special commissioners which hearing was set before them at 10 A.M. on November 14, 1974. Roadrunner also prayed that upon final trial it be granted a permanent injunction enjoining TUFCO from further proceeding with its condemnation suit and from proceeding with the hearing before the commissioners. It is noted that the provisions of the temporary and permanent injunctions sought herein by Roadrunner are the same.

A hearing was held on the temporary injunction on November 13, 1974, and at its conclusion Roadrunner's application for a temporary injunction was denied by the trial court and this appeal is from that decree.

We must first pass on a motion, filed herein by TUFCO, to dismiss Roadrunner's appeal. The grounds of the motion are that the appeal is now moot.

We are convinced that this appeal from the order denying Roadrunner's application for a temporary injunction is now moot and hereby sustain TUFCO's motion to dismiss the appeal.

When facts have occurred pending an appeal of a case that are not shown by the record that have rendered the appeal moot, such facts can be proved to the appellate court by means of affidavits. *Hopkins v. City of Dallas,* 106 S.W.2d 783 (Fort Worth Tex.Civ.App., 1937, writ ref.); 4 Tex. Jur.2d Rev., Part 1, Appeal & Error, Sec. 638, and see Rule 406, Texas Rules of Civil Procedure.

By affidavit it has been established that after the decree denying the temporary injunction was rendered, the trial court did on May 23, 1975, grant the motion for summary judgment filed in the case by TUFCO and therein rendered judgment denying Roadrunner's application for the permanent injunction that is above referred to. The fact that summary judgment was heretofore rendered on May 23, 1975, by the trial court denying Roadrunner's application for the permanent injunction is also admitted by Roadrunner on page 7 of its supplemental brief. This fact is also shown by the docket sheet which is a part of the transcript. At submission time counsel for Roadrunner stated to the court that such a decree had been rendered by the trial court and that he had not had time to study and return for the trial court's signature the proposed written draft of that judgment that had been submitted to him.

The record is thus made to show that at the time this appeal from the order denying Roadrunner's application for a temporary injunction was argued and submitted to this Court the merits of the case alleged by Roadrunner in its petition against TUFCO had already been disposed of by the trial court when it rendered the summary judgment denying the permanent injunction that Roadrunner had asked for.

The purpose of the temporary injunction sought herein by Roadrunner was to maintain the status quo until the case could be heard on its merits. The temporary injunction would only remain in effect until judgment was rendered on the merits of the case. *City of Corpus Christi v. Cartwright*, 281 S.W.2d 343 (San Antonio Tex.Civ.App., 1955, no writ hist.); *Southern Properties v. Carpenter*, 21 S.W.2d 372 (Dallas Tex.Civ. App., 1929, writ dism.); and *Thomas v. Howell*, 258 S.W. 558 (Fort Worth Tex.Civ. App., 1923, no writ hist.).

■ The question before the Court on this appeal (whether the trial court erred in denying Roadrunner's application for a temporary injunction) became moot at the time the trial court rendered its decree denying Roadrunner's application for a permanent injunction. *City of Corpus Christi v. Cartwright*, supra; *Thomas v. Howell*, supra.

By affidavits it was further shown that the commissioners' hearing in the condemnation suit, which hearing Roadrunner sought to enjoin, was scheduled for November 14, 1974; that on November 13, 1974, the trial court heard and denied Roadrunner's application for the temporary injunction and when this occurred, the commissioners then went ahead and held their hearing that had been scheduled for November 14; on November 18 the decision of these commissioners was filed with the trial judge and the amount of damages they awarded Roadrunner, together with a surety bond of an equal amount and a cost bond, were filed with the clerk of court; TUFCO then took possession of the easement on November 19, 1974, and started construction of the pipeline involved; the construction of the entire natural gas pipeline was thereafter completed on December 28, 1974, and the pipeline has been operational in the transportation of natural gas from January 24, 1975, to the present time.

■ A case is moot when a judgment therein, for some reason, cannot have any practical legal effect upon a then existing controversy. *McNeill v. Hubert*, 119 Tex. 18, 23 S.W.2d 331 (1930, op. adopt.) and *Stephenson v. State*, 515 S.W.2d 362 (Dallas Tex.Civ.App., 1974, writ dism.).

■ Under the undisputed facts referred to above, if the trial court's decree was reversed and if the temporary injunction was then granted as prayed for it would have no legal effect whatever on the controversy involved.

The temporary injunction sought by Roadrunner was that TUFCO "be temporarily enjoined from proceeding and continuing with the aforesaid condemnation action and/or proceedings and the hearing before Special Commissioners . . . ."

The commissioners' hearing has already been held. Roadrunner's reason for seeking to enjoin the condemnation proceeding was to prevent it from reaching the stage to where TUFCO, by means of that suit, could get possession of Roadrunner's land and build its pipeline thereon. A temporary injunction enjoining TUFCO from further proceeding with the condemnation case prior to a hearing on the merits of this case could no longer have any practical legal effect on the matter, because the pipeline is now already in existence. The question of whether or not the pipeline was wrongfully built on Roadrunner's land could not be determined at a hearing of an application for the temporary injunction.

A somewhat similar situation existed in the case of *Continental Pipe Line Co. v. Gandy*, 142 S.W.2d 631 (San Antonio Tex. Civ.App., 1940, no writ hist.). There the landowners obtained a temporary injunction prohibiting Continental from constructing, operating, and maintaining a telephone line across Gandy's land. The injunction was superseded pending appeal and the telephone line was then completed and put into operation pending the appeal. In dismissing the appeal and the cause of action, in so far as it related to the temporary injunction on the grounds that the questions involved were moot, the Court said:

"The preliminary question . . . of whether appellant shall or shall not construct its telephone line and put it in operation is no longer a live subject of controversy, since those acts have been actually consummated, and are existing facts and this Court may not now, in this proceeding for temporary injunction, say whether those acts were wrongfully committed."

The things we have referred to other than the fact that Roadrunner's case has already been disposed of on its merits are additional reasons why we hold that the issues presented by this appeal are now moot. Granting of the temporary injunction sought by Roadrunner would at this time have no practical legal effect on the controversy between the parties.

Other cases that support our holding that the questions presented by this appeal are moot are: *Toudouze v. Urban Renewal Agency,* 404 S.W.2d 821 (San Antonio Tex. Civ.App., 1966, ref., n. r. e.); *Johnson v. City of Corpus Christi,* 419 S.W.2d 201 (Tex. Sup., 1967); and *Corpus Christi Developers v. Chiles,* 275 S.W.2d 700 (San Antonio Tex. Civ.App., 1955, no writ hist.).

■ It is settled that a trial court has a broad discretion in deciding the question of whether or not he should or should not grant a temporary injunction, and on an appeal from a ruling made in that type of a hearing the scope of the appellate review is limited to the narrow question of whether or not the trial court's ruling was a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962), and *Ben Wheeler Ind. Sch. Dist.* v. *County School Trustees,* 414 S.W.2d 477 (Tyler Tex.Civ.App., 1967, ref., n. r. e.).

■ In the event we are mistaken in holding that the questions presented on this appeal are moot, we would affirm the decree of the trial court on the grounds that the record made at the hearing of the application for a temporary injunction does not show that the trial court abused its discre-

tion in denying Roadrunner's application for a temporary injunction.

Because the questions presented by this appeal are now moot, the trial court's order pertaining to the temporary injunction is set aside, and Roadrunner's case, in so far as it relates to the matter of a temporary injunction, is dismissed at Roadrunner's costs. See *Johnson v. City of Corpus Christi,* 419 S.W.2d 201 (Tex.Sup., 1967).