**Martha Pittman COLEMAN, Appellant,**

v.

**TEXAS STATE DEPARTMENT OF PUBLIC WELFARE, Appellee.**

**No. 1101.**

Court of Civil Appeals of Texas, Tyler.

Feb. 16, 1978.

Clifton L. Holmes, Kilgore, John Buckley, Austin, for appellant.

Donald R. Ross, County Atty., Henderson, John Richard Kuna, Athens, for appellee.

Dean W. Turner, Henderson, attorney ad-litem.

DUNAGAN, Chief Justice.

This is an appeal from a judgment terminating the parent-child relationship between the appellant, Martha Pittman Coleman and the natural father, Donald Ray Coleman, and the child made the subject of this suit below, Jermaine Coleman, and appointing the Supervisor of the Rusk County Child Welfare, Texas Department of Public Welfare, managing conservator of said child. Donald Ray Coleman did not appeal.

The appellee filed its petition to terminate the parent-child relationship on March 3, 1976. Appellee's supervisor was appointed temporary managing conservator of the child on March 12, 1976. No appeal from this order was taken. On June 2, 1977, a final hearing on the merits of the case was held which resulted in the judgment on June 22, 1977, terminating the appellant's parental rights. It is from this judgment that appellant has appealed.

Trial was before the court without the aid of a jury. No findings of fact or conclusions of law were requested and none were filed.

Prior to the final hearing of the matter below, appellant made her motion to dismiss the action, citing as grounds therefor the violation of her rights to due process and fundamental fairness under the Constitutions of the United States and of the State of Texas, in that she was not allotted sufficient time and facilities to prepare herself to be heard on the hearing of March 12, 1976, for the appointment of a temporary managing conservator, and she was without

legal counsel and unable to obtain one; and, further, that the action of appellee in allowing the temporary orders to continue for almost fifteen months without seeking a final determination violated appellant's rights to due process of law.

The court below overruled said motion and the matter proceeded to trial on the merits.

■ The appellant's point of error No. 1 complains of the court's action in overruling her motion to dismiss.

The court's temporary order was mere ancillary relief which determined the child's status pending the final outcome of the case. Final judgment has been entered as the result of a full and complete evidentiary hearing in which the appellant with counsel participated and of which she does not complain in this respect. Upon the entry of the final judgment, the force and effect of a temporary order ceased. *Hopwood v. Phillips,* 329 S.W.2d 459 (Tex.Civ.App.—Houston 1959, n.w.h.); *City of Corpus Christi v. Cartwright,* 281 S.W.2d 343 (Tex.Civ.App.—San Antonio 1955, n.w.h.); *Snyder v. Stokes,* 29 S.W.2d 764 (Tex.Civ.App.—San Antonio 1930, n.w.h.). The status of the child depends upon the final decree, by which no complaint is made by virtue of appellant's point of error No. 1. Any error which may have been committed in issuing the temporary order is perforce of the final judgment immaterial, and renders that issue in the appellate court moot. *In the Matter of R_____ E_____ W_____,* 545 S.W.2d 573, 575 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *Grider v. Noonan,* 438 S.W.2d 631, 639 (Tex.Civ.App.—Corpus Christi 1969, n.w.h.); *Conway v. Irick,* 429 S.W.2d 648 (Tex.Civ.App.—Fort Worth 1968, writ ref'd); *Blair v. Paggi,* 282 S.W. 627, 629–30 (Tex.Civ.App.—Beaumont 1926, writ dism'd); *Texas Liquor Control Board v. Jones,* 378 S.W.2d 898 (Tex.Civ.App.—Austin 1964, n.w.h.); *Rhoton v. Texas Land & Mortgage Co.,* 80 S.W.2d 763, 770 (Tex.Civ.App.—Eastland 1935, n.w.h.); *Hopwood v. Phillips, supra; City of Corpus Christi v. Cartwright, supra; Snyder v. Stokes, supra.* The alleged error not being material to the outcome of the suit before us furnishes no proper basis for a reversal of the June 22, 1977 judgment, from which appellant appeals. *Miller v. Esunas,* 401 S.W.2d 150, 157 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.); *Pride v. Pride,* 318 S.W.2d 715, 720 (Tex.Civ.App.—Dallas 1958, n.w.h.); Rule 434, T.R.C.P.

The court in its final judgment of June 22, 1977, which terminated the parent-child relationship between Martha Coleman and husband, Donald Ray Coleman, and the child subject of this suit, found therein (1) that Martha Pittman Coleman and Donald Ray Coleman have "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child" and (2) "that termination of the parent-child relationship between" the parents "and the child is in the best interest of the child."

The appellant in her second and final point of error makes the contention that the evidence is insufficient to support these findings by the trial court. This point of error requires us to consider the entire record. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The trial court is authorized by Section 11.11 of the Family Code to issue such orders as are needed for the safety and protection of the child. The only burden that must be met is that it be in the best interest of the child, Family Code, Chapter 14.07 (1974), and that it be proven by a preponderance of the evidence, Family Code, Chapter 11.15 (1974). Involuntary termination of parental rights, however, rests upon sec. 15.02 of the Texas Family Code which sets up strict statutory requirements that must be proved in addition to a court's finding of the termination being in the child's best interest. *Wiley v. Spratlan,* 543 S.W.2d 349, 351 (Tex. 1976). "A judgment terminating a parent-child relationship under Section 15.02 cannot be based solely upon the trial court's determination of what would be in the best interest of the child." *In the Matter of R_____ E_____ W_____, supra.* In our opinion the evidence amply shows that to

leave the child in the type of situation and environment in which the appellant lived would endanger his physical or emotional well-being.

Appellant admits a life which has been filled with confusion, immorality, instability and misery. She admits she had been a prostitute. She also admits she has twice been sentenced to Gainesville Youth Treatment Center for a period of one year. There was testimony of sexual abuse of the child. There is evidence of physical abuse to the child by appellant, Martha Coleman. A number of witnesses testified to the threats appellant made on the life of the child. At the time of this hearing she was living with a man not her husband. She has a child other than the one involved here, a son, born out of wedlock in September 1968.

We recognize that in an action such as in the instant case that a termination of the parent-child relationship "can never be justified without the most solid and substantial reasons;" that the courts of this state have always recognized the strong presumption that the best interest of a minor is usually served by keeping custody in the natural parents and that "The natural right which exists between parents and their children is one of constitutional dimensions." *Wiley v. Spratlan, supra.* The law, however, must and does recognize that some parents are not worthy or fit to continue the parent-child relationship and the law must, in such cases, protect the child from knowingly being placed in or knowingly being allowed by the parent or parents to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or engage in conduct or knowingly place the child with persons who engage in conduct which endangers the physical or emotional well-being of the child.

The evidence in this case, in our opinion, does present solid and substantial reason to terminate the parent-child relationship between the parents and the child here involved.

We could state in more detail the gruesome and shocking testimony in this record supporting the trial court's findings and judgment but it would unduly lengthen this opinion and would serve no useful purpose.

A review of the entire record brings us to the conclusion that the evidence is of sufficient strength to support the findings complained of and the judgment.

The judgment of the trial court is affirmed.