**In the Interest of Lara Diane JONES, a child.**

**No. 1124.**

Court of Civil Appeals of Texas, Tyler.

May 11, 1978.

Rehearing Denied June 8, 1978.

Reagan E. Hunter, Tyler, for appellant.

Will D. Pace, Tyler, for appellee.

Alan O. Johnson, Pye, Dobbs & Cobb, Tyler, for Attorney Ad Litem.

McKAY, Justice.

This is an appeal by Travis Dale Jones, the natural father, from an order of the trial court terminating his parental rights to his daughter, Lara Diane Jones. The suit was filed by Patricia Elaine Minter, the natural mother, and her present husband, Jerry Dale Minter, and it was alleged that the father failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition, and that termination of the parent-child relationship between the natural father and the child, and adoption of the child by her stepfather, would be in the best interest of the child.

The parents were divorced in January, 1974, and the mother was appointed managing conservator, and the father was appointed possessory conservator with the right of reasonable visitation, and the father was ordered to pay child support in the amount of $100.00 per month. The trial of this case was before the court without a jury; the child was seven years of age, and an attorney-ad-litem was appointed for the child. The trial was held on May 4 and 5, 1977, and the order terminating the father's parental rights was signed July 29, 1977.

On August 2, 1977, an instrument styled "Final Judgment Granting Termination and Adoption" was signed by the trial judge.

The petition in this suit for termination of parental rights and for adoption was filed January 3, 1977; and, therefore, the alleged failure to support the child by appellant in accordance with his ability would involve a period of one year ending within six months of January 3, 1977.

In his points two and three appellant maintains that the trial court erred in terminating his parental rights because there was no evidence, or factually insufficient evidence, that he failed to support his daughter in accordance with his ability during the period of one year ending within six months of the date of the filing of the petition. In considering a no evidence point we must review the evidence in its most favorable light, considering only the evidence and inferences which support the judgment; in passing on the insufficient evidence point we must consider the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The trial court made exhaustive findings of fact. They include findings that (5) appellant paid two payments of child support in 1974 totalling $150.00, one payment in 1975 of $100.00, and no payments in money in 1976, but subsequent to the filing of the petition for termination appellant paid $100.00 in February, 1977, a like amount in April and in May, 1977, and that appellant was able to pay some child support during the year 1976, but that he failed to pay any child support during 1976, and that such failure to pay child support was without excuse or justification. The trial court also found (additional finding I) that during the twelve-month period immediately preceding the filing of the petition to terminate appellant furnished approximately twenty (20) pounds of beef to appellees from an animal he killed and processed; found (a.f. II) that appellant gave appellee a bicycle during this period for the use of the child; found (a.f. III) that appellant during this period offered to keep the child while appellee was working and having to pay a babysitter thereby relieving appellee of the financial burden of having to pay a babysitter, and thus allowing appellant additional time to visit with the child. The court further found (a.f. IV) that on numerous occasions during the twelve-month period appellant bought clothes for the child and gave her other gifts. The court further found (a.f. VIII) that appellant was in financial straits during the twelve-month period and "was filed in bankruptcy." The trial court also found (a.f. XVIII and a.f. XIX) that appellant testified that "he loves and cares for his child, and denies that it will be in the child's best interest that his parental rights be terminated," and that when appellant was "allowed to visit with the child he often took the child to his grandfather's [sic] farm, where said child had a grand time."

Section 15.02 of the Family Code provides in part:

"A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

"(1) the parent has:

. . . . .

"(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;

. . . .; and in addition, the court further finds that

"(2) termination is in the best interest of the child."

At the time of the divorce between appellant and the mother of the child appellant was employed as a coordinator for Warren Refrigerator Company in Houston for the salary of $800.00 per month, and he agreed to the $100.00 per month child support fixed by the court. He later became self-employed in Houston doing the same type work, and later bought a business in Tyler which he operated under the name "Paramount Refrigerator Company" and did commercial air-conditioning and refrigeration work. As of December, 1975, appellant was self-employed, renting ice-making machines to businesses, and as of January, 1976, that business was not making a profit. Appellant also obtained a job driving a truck for Glo-Flame Butane, and he put his salary from the Glo-Flame job into his ice-machine business "trying to keep it afloat." His wages from Glo-Flame were $125.00 per week plus one-half cent commission on the gas—the commission being approximately $50.00 to $75.00 per month, making a total weekly income of approximately $135.00 to $145.00. Appellant estimated he grossed $6,000.00 to $7,000.00 for the year 1976, and his tax return showed he had a $4,000.00 loss for 1975 in the ice-machine business.

Appellant testified the child's mother never told him the child was in need of anything, and that he offered to carry the child on his hospitalization insurance while he was employed by Glo-Flame, but the mother told him she and her husband had plenty of insurance and did not need it.

Appellant filed a voluntary petition in bankruptcy in March, 1976, which showed he had approximately $34,500.00 in indebtedness and approximately $3,000.00 in assets. He was laid off by Glo-Flame in

April, 1976, because the butane gas business was seasonal, and as a result he then had no source of income at all. He then used his pickup truck to try to get some hay hauling business, and he hauled hay when he could get the work from June through early November, 1976, and earned approximately $700.00 to $900.00 during that period. About the middle of November, he began working for Glo-Flame again at the same rate of pay as before—$125.00 per week plus one-half cent commission, and he had no other income beginning in October to the time of trial.

Appellant remarried in August, 1976, and moved into his wife's home. He did not sell his tools, household furniture or equipment, nor his pickup, which were exempted to him in his bankruptcy case. He did pay some of his creditors money before bankruptcy because of pressure from them, and he finished paying the mortgage on his pickup after his petition in bankruptcy was filed. Appellant testified he knew his child was being well cared for, and had she not been he would have cared for her before paying any of his creditors.

The record reveals that the visitation of the child with appellant was pleasant and she apparently was happy with him and his parents.

The case of *Cawley v. Allums*, 518 S.W.2d 790, 792 (Tex.1975), was an adoption case under Article 46(a), Vernon's Revised Civil Statutes, (now repealed), and the language with which the court was concerned (Sec. 6a) read:

". . . or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability . . . ."

The court held that there had to be a continuous period of two years in which there was nonsupport to meet the requirements of that statute.

In *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976), the court cited *Cawley v. Allums*, supra, and held that the one year provision in section 15.02(1)(E), i. e., "failed to support the child in accordance with his ability during the period of one year" means a continuous period of one year with no support, and further held that the words "commensurate with" and the words "in accordance with" had the same meaning. The opinion says (page 351):

"The proof is that Mrs. Wiley provided or offered support for four of the twelve months and that she was living at a poverty level during the entire one-year period."

■ The *Wiley* case and *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex.1976), both point out that under section 15.02 termination of the parent-child relationship may not be based solely upon what the trial court determines to be in the best interest of the child. One or more of the acts or omissions listed in subdivision (1) must be proved in a termination case, and in addition thereto subdivision (2) requires proof that the termination is in the best interest of the child. Failure to prove either element will prevent termination of parental rights.

■ As pointed out in *Brokenleg v. Butts*, 559 S.W.2d 853, 856 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.), one year means twelve consecutive months, and thus it was necessary that there be a period of twelve consecutive months during the calendar year 1976 when appellant failed to provide support in accordance with his ability. The record reveals that appellant filed his bankruptcy case in March of 1976 and for approximately the next six months he was seeking to haul hay for farmers to make whatever money he could, if any. He did haul some hay, and his gross income for that period was approximately $700.00 to $900.00. He was renting a house in which to live until he remarried in August of 1976, and it was necessary for him to eat and provide for the necessities of life for himself. In our view, it is a matter of common knowledge that appellant could not pay for these necessities and pay $100.00 a month child support during this six-month period. The record does show, however, that appellant furnished approximately 20 pounds of

beef to the Minter family and that he gave the child a bicycle and provided her with some clothes during the twelve-month period.

"Actions which break the ties between a parent and child 'can never be justified without the most solid and substantial reasons' . . . particularly in an action which sunders those ties, should the proceedings be strictly scrutinized. . . . The natural right which exists between parents and their children is one of constitutional dimensions." *Wiley v. Spratlan,* supra; *Coleman v. Texas State Department of Public Welfare,* 562 S.W.2d 554, 557 (Tex. Civ.App.—Tyler 1978, writ ref'd n. r. e.).

We hold there is no evidence that appellant failed to support his child in accordance with his ability for a continuous period of twelve months. Appellant's point two is sustained.

In view of our holding that there is no evidence in the record that appellant failed to support the child in accordance with his ability for a continuous period of one year, we do not reach appellant's point three contending there is factually insufficient evidence to support such finding and termination. Had we reached appellant's point three we would have sustained it.

We do not reach appellant's other points of error.

We are not to be understood as finding and holding that there were not some months during 1976 in which appellant failed to support the child in accordance with his ability; it is our holding that the record does not reveal that appellant failed to support the child in accordance with his ability for each and every month for the continuous twelve-month period.

Judgment of the trial court is reversed, and judgment is here rendered that the trial court judgment terminating the parental rights of appellant and the judgment of adoption of the child by appellee be set aside.