Richard Stanley CRADDOCK, Appellant,

v.

Melanie Anne WORLEY and James Allen Worley, Appellees.

No. 20212.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

John R. Henderson, John R. Brown, Meyers, Miller, Middleton & Weiner, Dallas, for appellant.

J. J. (Ike) Vanden Eykel, Seeligson, Douglass & Falconer, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Richard Stanley Craddock appeals from an order terminating his parental rights to his child. James Allen Worley, the child's step-father, and Melanie Anne Worley, the child's mother, petitioned for involuntary termination under Tex.Fam.Code Ann. § 15.02(1)(F) (Vernon Supp.1980), which allows termination if the court finds the parent has failed to support the child in accordance with his ability for one year ending within six months of the date of filing the petition. We reverse and remand because we hold that there was insufficient evidence that Craddock was able to pay this support during a continuous twelve-month period.

Craddock and Melanie Worley were divorced in Colorado in June of 1974, and Melanie Worley was granted custody of the child, who was twenty months old at the time. In October 1974, she moved from Colorado to Texas with the child, and later married James Worley. It is undisputed that although Craddock was under a court order to pay $100 per month, he did not pay child support within the eighteen-month period preceding the filing of the petition on September 21, 1978. Our question is, however, whether Craddock had the ability to pay child support within that period of time. Craddock argues that there was no evidence and alternatively, insufficient evidence to support the jury's finding in Special Issue No. 1 that Craddock failed to pay child support for a period of a year *in accordance with his ability*, and that the issue should not have been submitted to the jury. In connection with the issue, he contends the judgment was erroneous because the jury did not find that Craddock had the ability *each month* of the one year period to support his child.

Special Issue No. 1 did not specifically inquire whether Craddock had the ability *each* and *every month* to pay support. The court's charge instructs the jury to consider only the time between March 21, 1977, and September 21, 1978, "in ascertaining whether there was a continuous period of 12 consecutive months during which Richard Stanley Craddock both had the ability to contribute to the support of the child," and did not do so. The phrase "failed to support the child . . . during a continuous period of 12 consecutive months" was defined as meaning that Craddock "had the ability to contribute to the support of the child . . . and each month of such period failed to contribute to her support."

Craddock relies on *In re Jones*, 566 S.W.2d 702, 705 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.), for his contention that the jury must find ability to pay *each month*. In that case the termination of a father's parental rights was reversed because the record did not show that appellant failed to support the child in accordance with his ability "for each and every month for the continuous twelve-month period." 566 S.W.2d at 706. In *Brokenleg v. Butts*, 559 S.W.2d 853, 856 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.), *cert. denied*, 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979), the court reversed the order of termination and stressed the requirement that the parent must have the ability to pay support for twelve *consecutive* months. In *Compasano v. State*, 576 S.W.2d 100, 104 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) the court reversed the order of termination because the state did not prove that on a certain date the mother failed to support her child in accordance with her ability and "that this condition endured for a subsequent twelve month period." Thus the ability to pay support must exist each month during the twelve-month period. Under the language of these cases, we hold that the wording of the special issue submitted to the jury and the accompanying instructions were sufficient. The inquiry is whether there was a continuous period of

twelve months in which the parent had the ability to pay and failed to do so, and this issue submits that question.

We now examine the record to determine if there is any or sufficient evidence that Craddock had the ability to pay during the period of time from March 21, 1977, to September 21, 1978. Craddock testified that he had been in construction work since 1975 and had been in the music business for a few months preceding trial. His income was sporadic. In 1975, he was indebted for $50,000, which he had reduced by approximately $10,000 by the time of trial. He repaid these amounts with funds that he had and by working for some of his creditors without pay. He has paid rent, but was evicted for nonpayment of rent at his prior residence. At the time of trial, he lived in a two or three-bedroom apartment in an old house in Denver, owned a video recorder which he did not pay for but which was worth about $300, paid $30 a month for a telephone recorder for his business, and took flying lessons over the past ten years which had cost him approximately $30 because he is a veteran. At some time between 1974 and the date of trial he owned a 1972 Volkswagen.

The only evidence which is specifically tied to the time period in question is Craddock's own testimony that in the first few months of 1978, he lost money in his business. He then began to make money, but in June of 1978 his truck was damaged, which he testified "just about put me out of business." The value of his tools at that time was $2500–$3000.

The Worleys rely on Craddock's statements that he did not pay child support because he was angry that Melanie Worley had taken the child to Texas. Craddock also testified that he did not have the money, and that he felt that what money he did have would be best spent in trying to see his child. Between October 1974 and August 1977, he visited his daughter four or five times and expended about $500 on at least one of these occasions. The Worleys

also point to a statement made by Craddock that he "had a lot of funds" at some period in which he did not pay child support.

The natural right between parents and their children is one of constitutional dimensions. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex.1976); *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex.1976). Courts have always strictly scrutinized these proceedings, as is evidenced most recently by the supreme court's holding in *In re G.M.*, 596 S.W.2d 846 (Tex.1980). That case holds that the evidence must be "clear and convincing" rather than by a preponderance to support termination. The court discusses the fact that appellate courts have always required substantial reasons and proof for involuntary termination of parental rights. *In re G.M.*, 596 S.W.2d at 847.[1]

In this case, although there is evidence that Craddock has been employed since 1975, and that he possessed certain assets at the time of trial, there is little evidence of Craddock's ability to pay child support within the specific time period with which we are concerned. In fact, the only evidence specifically within the time period shows that Craddock lost money in the first few months of 1978. He owned a truck and tools at the time, but they were necessary for his business. There is no evidence as to how much money Craddock made during this eighteen-month period, or what his expenses were. Although he was living in a three-bedroom apartment at the time of trial, there is no evidence as to how long he has lived there since he was evicted from his last apartment, or what his rent payments were. It is uncertain when he obtained the video recorder or his television or the telephone recorder, and when he possessed the 1972 volkswagen. Additionally, it is clear that during this eighteen-month period, Craddock was at least $40,000 in debt, having reduced his debt by $10,000 by working for creditors without pay. While we do not approve favoring an obligation to creditors over an obligation to pay child support, we cannot determine the time

1. Craddock has not argued that the clear and convincing standard was not employed here. On remand, however, the court should instruct the jury that the evidence must be clear and convincing to terminate Craddock's parental rights.

or circumstances of his repayment to creditors from this record.

It appears that Craddock made one visit to his child within the eighteen-month period, but it is not shown how much he expended on that visit. He testified that he often hitchhiked to Dallas. Nor is his testimony determinative that he did not pay child support because he was angry that the child had been moved to Texas. The question is whether he had the ability to pay child support.

The Worleys had the burden to show that Craddock failed to pay child support in accordance with his ability for twelve consecutive months. *Compasano v. State*, 576 S.W.2d at 104. The ability to pay support must exist for a continuous twelve-month period. There is insufficient evidence in this record of an ability to pay child support for a continuous twelve-month period within the eighteen-month period immediately prior to filing the petition.

Consequently, we reverse and remand for new trial in order that the facts pertaining to Craddock's financial ability during the twelve-month period may be further developed. Tex.R.Civ.P. 434.