TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00014-CV

NO. 03-08-00090-CV






In re Walter Lee Hall, Jr.






ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 In an opinion dated February 27, 2008, we denied relator Walter Lee Hall, Jr.'s
petitions for writ of mandamus and request for an emergency relief. Hall then filed motions for
rehearing en banc. On its own motion, the panel withdraws its opinion of February 27 and
substitutes this opinion in its place. We deny Hall's motions for rehearing en banc.

 On January 8, 2008, Hall filed a motion for emergency relief and petition for writ of
mandamus, complaining of the trial court's refusal to hear his motion to quash a writ of possession. 
See Tex. R. App. P. 52.8, 52.10. The writ of possession was issued on December 19, 2007, despite
the fact that the judgment nunc pro tunc ordering the issuance of the writ was signed on
December 17, 2007, and provided that the writ could not be issued until at least six days had passed. 
On January 9, 2008, we granted temporary relief and stayed the writ of possession pending a
determination of the merits of Hall's petition. On January 28, HSBC Mortgage Services, Inc., the
real party in interest, filed a response, arguing that: (1) although Hall's motion to quash might have
merit, Hall had not complied with the local rules and therefore was not entitled to a hearing; and
(2) the trial court had not abused its discretion by refusing to shorten the three-day notice provision
set out in rule 21a of the rules of civil procedure. Finally, HSBC stated that the writ of possession
had been levied and that Hall was no longer in possession of the property. 

 On February 13, 2008, Hall filed a second petition for writ of mandamus, complaining
that HSBC and the Travis County Constable were not abiding by our temporary order. In his
appendix, Hall attached a "case record" printed from the Constable's Office's website showing that
after several attempts to deliver the writ of possession, the writ was executed on January 7, 2008. 
Hall admitted that his tenant had vacated the property but asserted that the writ was not executed on
January 7, as shown by the Constable's return, but instead on January 9. To support this assertion,
Hall states that he and his agent "on separate numerous occasions visited [the] property between
January 6th and 8th, 2008. It was not until January 9th, 2008, that Property showed signs of a
foreign entity having taken possession, such as a key box having been installed on and various
stickers having been posted on the front door." He also attached a copy of a purported supersedeas
bond filed on December 27, 2007, naming as surety "Twelve Gates Ministries." The bond is not
marked as having been approved by the trial court clerk and does not identify Twelve Gates
Ministries, its relationship to Hall, or how it is a sufficient surety. Hall attached to the purported
bond a "general power of attorney," stating that Hall, as "Member of KWI Communications, LLC,
grantor of Twelve Gates Ministries," "authorizes you, or any one of you, as Attorney-in-Fact and/or
Agent for the undersigned and with full power of substitution." (1) This bond does not satisfy the
requirements of rule 24.1 of the rules of appellate procedure. See Tex. R. App. P. 24.1(b)
(bond must be by sufficient surety and approved by trial court clerk). Further, Hall has not filed a
notice of appeal from the trial court's judgment, and the supersedeas rules operate to stay execution
of a judgment pending appeal. See Tex. R. App. P. 24.

 The writ has been executed and, although he alleges false execution in his petition,
Hall has not produced evidence showing that the constable's documentation showing execution on
January 7 was false or incorrect. (2) The bond was insufficient to stay the writ of possession, and Hall
has not perfected an appeal from the trial court's judgment, signed in December 2007. Hall has not
shown that he is entitled to extraordinary relief. We therefore dissolve our temporary order in cause
number 03-08-00014-CV, dated January 9, 2008, and deny Hall's petitions for writ of mandamus. 


 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: April 18, 2008
1. A party may not act as surety for himself. See, e.g., TransAmerican Natural Gas
Corp. v. Finkelstein, 905 S.W.2d 412, 414-15 (Tex. App.--San Antonio 1995, order).
2. See Johnson v. City of Corpus Christi, 419 S.W.2d 201, 202 (Tex. 1967) (dismissing case
as moot after city took possession of property under writ of possession); In re Manley,
No. 01-03-00284-CV, 2003 Tex. App. LEXIS 3773, *2 (Tex. App.--Houston [1st Dist.]
May 1, 2003, orig. proceeding) (mem. op.) (relator asked court of appeals to void trial court's
judgment and recall writ of possession; court held that because writ had executed, relator's request
to "preserve the status quo and prevent execution" of already-executed writ was moot and stated that
"[t]o the extent that relator seeks to have this Court review the . . . judgment, he must do so in his
pending appeal" and "[t]o the extent relator seeks to preserve the status quo and prevent execution
on the . . . writ of possession, that issue is moot"). Cf. Marshall v. Housing Auth., 198 S.W.3d 782,
786-87 (Tex. 2006) (appellant's failure to post bond did not bar appeal from eviction judgment, and
involuntarily vacating property after filing timely notice of appeal to avoid execution of writ of
possession "did not moot her appeal so long as . . . she held and asserted a potentially meritorious
claim of right to current, actual possession"; because lease had since expired, however, there was
no live controversy and issue of possession was moot).