# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00014-CV
NO. 03-08-00090-CV

**In re Walter Lee Hall, Jr.**

**ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY**

## M E M O R A N D U M   O P I N I O N

In an opinion dated February 27, 2008, we denied relator Walter Lee Hall, Jr.'s petitions for writ of mandamus and request for an emergency relief. Hall then filed motions for rehearing en banc. On its own motion, the panel withdraws its opinion of February 27 and substitutes this opinion in its place. We deny Hall's motions for rehearing en banc.

On January 8, 2008, Hall filed a motion for emergency relief and petition for writ of mandamus, complaining of the trial court's refusal to hear his motion to quash a writ of possession. *See* Tex. R. App. P. 52.8, 52.10. The writ of possession was issued on December 19, 2007, despite the fact that the judgment nunc pro tunc ordering the issuance of the writ was signed on December 17, 2007, and provided that the writ could not be issued until at least six days had passed. On January 9, 2008, we granted temporary relief and stayed the writ of possession pending a determination of the merits of Hall's petition. On January 28, HSBC Mortgage Services, Inc., the real party in interest, filed a response, arguing that: (1) although Hall's motion to quash might have merit, Hall had not complied with the local rules and therefore was not entitled to a hearing; and

(2) the trial court had not abused its discretion by refusing to shorten the three-day notice provision set out in rule 21a of the rules of civil procedure. Finally, HSBC stated that the writ of possession had been levied and that Hall was no longer in possession of the property.

On February 13, 2008, Hall filed a second petition for writ of mandamus, complaining that HSBC and the Travis County Constable were not abiding by our temporary order. In his appendix, Hall attached a "case record" printed from the Constable's Office's website showing that after several attempts to deliver the writ of possession, the writ was executed on January 7, 2008. Hall admitted that his tenant had vacated the property but asserted that the writ was not executed on January 7, as shown by the Constable's return, but instead on January 9. To support this assertion, Hall states that he and his agent "on separate numerous occasions visited [the] property between January 6th and 8th, 2008. It was not until January 9th, 2008, that Property showed signs of a foreign entity having taken possession, such as a key box having been installed on and various stickers having been posted on the front door." He also attached a copy of a purported supersedeas bond filed on December 27, 2007, naming as surety "Twelve Gates Ministries." The bond is not marked as having been approved by the trial court clerk and does not identify Twelve Gates Ministries, its relationship to Hall, or how it is a sufficient surety. Hall attached to the purported bond a "general power of attorney," stating that Hall, as "Member of KWI Communications, LLC, grantor of Twelve Gates Ministries," "authorizes you, or any one of you, as Attorney-in-Fact and/or Agent for the undersigned and with full power of substitution."[1] This bond does not satisfy the requirements of rule 24.1 of the rules of appellate procedure. *See* Tex. R. App. P. 24.1(b)

---

[1] A party may not act as surety for himself. *See, e.g.*, *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414-15 (Tex. App.—San Antonio 1995, order).

2

(bond must be by sufficient surety and approved by trial court clerk). Further, Hall has not filed a notice of appeal from the trial court's judgment, and the supersedeas rules operate to stay execution of a judgment pending appeal. *See* Tex. R. App. P. 24.

The writ has been executed and, although he alleges false execution in his petition, Hall has not produced evidence showing that the constable's documentation showing execution on January 7 was false or incorrect.[2] The bond was insufficient to stay the writ of possession, and Hall has not perfected an appeal from the trial court's judgment, signed in December 2007. Hall has not shown that he is entitled to extraordinary relief. We therefore dissolve our temporary order in cause number 03-08-00014-CV, dated January 9, 2008, and deny Hall's petitions for writ of mandamus.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: April 18, 2008

---

[2] *See Johnson v. City of Corpus Christi*, 419 S.W.2d 201, 202 (Tex. 1967) (dismissing case as moot after city took possession of property under writ of possession); *In re Manley*, No. 01-03-00284-CV, 2003 Tex. App. LEXIS 3773, *2 (Tex. App.—Houston [1st Dist.] May 1, 2003, orig. proceeding) (mem. op.) (relator asked court of appeals to void trial court's judgment and recall writ of possession; court held that because writ had executed, relator's request to "preserve the status quo and prevent execution" of already-executed writ was moot and stated that "[t]o the extent that relator seeks to have this Court review the . . . judgment, he must do so in his pending appeal" and "[t]o the extent relator seeks to preserve the status quo and prevent execution on the . . . writ of possession, that issue is moot"). *Cf. Marshall v. Housing Auth.*, 198 S.W.3d 782, 786-87 (Tex. 2006) (appellant's failure to post bond did not bar appeal from eviction judgment, and involuntarily vacating property after filing timely notice of appeal to avoid execution of writ of possession "did not moot her appeal so long as . . . she held and asserted a potentially meritorious claim of right to current, actual possession"; because lease had since expired, however, there was no live controversy and issue of possession was moot).