**Paul LEMONS, Petitioner,**

v.

**EMW MANUFACTURING COMPANY, Respondent.**

**No. C–7121.**

Supreme Court of Texas.

Feb. 17, 1988.

Rehearing Denied April 20, 1988.

Bishop, Payne, Lamsens and Brown, S. Gary Werley, Fort Worth, for petitioner.

Cowles and Thompson, Geoffrey Graham, Dallas, for respondent.

**PER CURIAM.**

This is an appeal from a bill of review brought to set aside a default judgment rendered against EMW Manufacturing Company. Following a bench trial, the court dismissed the bill of review. The court of appeals reversed that judgment. 741 S.W.2d 212. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The court of appeals found that prior to the bench trial, EMW's attorney had been under the impression that he was appearing for a preliminary hearing on the issue of meritorious defense, and not a trial of the entire suit. The court of appeals held that the proceedings did constitute a preliminary hearing, found that EMW had established a meritorious defense at the hearing, and remanded the cause for a trial as to the remaining two bill of review require-

ments. *See Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979).

 Lemons argues that EMW has failed to preserve its complaint that the trial held on November 24, 1986 was merely a hearing. We agree. In order to preserve a complaint for appellate review, a party must have presented a timely request, objection, or motion, stated the specific grounds therefor, and obtained a ruling. Tex.R.App.P. 52(a). EMW's counsel's subjective impression prior to the bench trial is of no moment because he failed to preserve error pursuant to Rule 52(a). Had he believed that the proceedings were preliminary and not a full trial on the merits, once it was clear that the trial judge intended to proceed with a trial, he should have moved for a continuance or otherwise objected pursuant to Rule 52(a). A point of error not preserved is not before the appellate court for review, and thus the court of appeals erred in holding that the trial of November 24, 1986 was merely a hearing. *See Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex.1987).

 Since EMW has waived any right to another day in court by its failure to object, we then turn to the remainder of the case. Unfortunately, another form of waiver is presented by EMW's failure to request findings of fact and conclusions of law. Since there are none, the trial court is presumed to have made all the necessary findings to support the judgment. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950). If there is some evidence to support the judgment, it must stand, and only that evidence most favorable to the issue is to be considered. *Id.*

 On this record, there is some evidence that an answer was not filed in the underlying suit due to the negligence of EMW and its insurance carrier. Therefore, the third element of the test set out in *Baker v. Goldsmith* is not met, and the trial court's judgment must stand. 582 S.W.2d at 408.

The opinion and judgment of the court of appeals are in conflict with Tex.R.App.P. 52(a) and Texas caselaw cited above. Therefore, pursuant to Tex.R.App.P. 133(b), we grant Lemons' application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and reinstates the judgment of the trial court.