Russell HARRIS, Appellant,

v.

Dennis J. MOORE d/b/a Moore's
Trucking, Appellee.

No. 03–95–00146–CV.

Court of Appeals of Texas,
Austin.

Dec. 20, 1995.

David L. Cunningham, John M. Killian & Associates, San Antonio, for Appellant.

Darrell D. Gest, Hearne & Eppright, Austin, for Appellee.

Before CARROLL, JONES and B.A. SMITH, JJ.

PER CURIAM.

Russell Harris appeals from the dismissal of his bill of review. He complains that the court dismissed his claim without following the proper procedure and standard of review. We will reverse the judgment and remand this cause for further proceedings.

## BACKGROUND

Harris's bill of review challenged a judgment favoring Dennis J. Moore d/b/a Moore's Trucking. In that underlying suit, Moore sued Harris, Harris's partners, their partnership, and their corporation to collect payment for construction work Moore did on their ranch. Moore served the petition on an attorney with a cover letter expressing his understanding that the attorney had agreed to accept service for all defendants. Another attorney from the same law firm filed an answer on behalf of all the defendants. That attorney also filed a counterclaim and a motion for partial summary judgment on behalf of the individual defendants, including Harris. In support of that motion, Harris signed an affidavit as a defendant/cross-plaintiff; the affidavit contained the full style of the case showing Harris as a defendant individually and as part of the companies. The attorney wrote to the trial-court staff a letter which included Harris in a list of addressees to receive a copy of the letter. The attorney's motion to withdraw as counsel indicated that it went to Harris at the same address. The appellees later used certified mail at the same address to successfully serve Harris (his wife signed the returned receipt) with notice of the trial setting in the underlying case.

None of the defendants appeared at the trial. Moore presented evidence to the court and obtained a judgment for $32,993.48 plus interest, attorney's fees, and costs.

Harris filed his bill of review claiming lack of service. He claimed he never authorized the attorney to receive service or represent him individually. He alleged that one of his codefendants had hired the attorney without his knowledge. He claimed he could not share counsel with some of his codefendants because he had legal claims pending against them. He claimed not to have received any of the correspondence or motions filed by the attorney purporting to represent him. He claimed that he signed the affidavit believing that it was in defense of a case against the partnership, not him individually. He asserted four defenses as meritorious: that he was liable only as a limited partner, that he did not receive or accept any benefit from Moore's work or materials; and that he did not agree to enter any contract with Moore. Harris requested a temporary restraining order and an injunction to prevent Moore from executing on the judgment.

The trial court held a hearing that began as a hearing on temporary injunction on the bill of review. Harris, Moore, and one of the codefendants in the underlying suit testified. The court also admitted documentary evidence.

At the close of the hearing, the court not only denied the injunction but also dismissed the case, prompted in part by Moore's oral motion for dismissal in his closing argument. The court made several fact-findings regarding lack of merit of Harris's bill of review. The court denied Harris's motions for reconsideration and new trial after a hearing.

## DISCUSSION

Harris complains by his first two points of error that the court failed to follow the proper procedure in dismissing his bill of review. He complains that the court erred by dismissing his case based upon pleading defects and without proper notice and opportunity to be heard.

■ A petition for bill of review triggers certain procedures and requirements. A petitioner for bill of review must allege several facts with particularity. *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex.1989). The petition must allege that the prior judgment was rendered as a result of fraud, accident, or wrongful act of the opposite party or official mistake unmixed with the petitioner's negligence. *Id.* It must further allege sworn facts sufficient to constitute a meritorious defense. *Id.* Defects in bill-of-review petitions normally must be challenged by special exceptions before dismissal or summary judgment for failure to state a claim is proper; trial courts err by denying petitioners the opportunity to amend their pleadings to cure defects. *Clemons v. State*, 737 S.W.2d 431, 432 (Tex.App.—Eastland 1987, no writ); *Edgin v. Blasi*, 706 S.W.2d 353, 355 (Tex.App.—Fort Worth 1986, no writ).[1] The petitioner could get a temporary injunction by showing a probable right to recovery, imminent irreparable harm absent the injunction, and no adequate remedy at law. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

■ The petitioner must next, at a pretrial hearing, present prima facie proof of a meritorious defense in order to obtain a full-blown trial on the merits of the bill. *1985 Chevrolet*, 778 S.W.2d at 464. A petitioner makes out a prima facie case by showing that the asserted defense is not barred as a matter of law and would win judgment on retrial absent contrary evidence. *Baker v. Goldsmith*, 582 S.W.2d 404, 408–09 (Tex.1979). The court may dismiss the case if the petitioner fails to make out a prima facie case at the pretrial hearing. *Id.* at 409. *Id.*

■ The trial court erred to the extent it dismissed for pleading defects. Moore undisputedly made no special exceptions. At the hearing, after the court suddenly dismissed the cause with prejudice, Harris requested orally that he have a chance to modify his pleadings. The court reiterated that the case was dismissed, barring any chance to modify the pleadings. Moore contends that any error in dismissing the case without giving a chance to replead was harmless. He does not contend that the dismissal was harmless because the pleading was fatally defective under *Chambers*; instead, he contends that it was harmless because Harris failed to *prove* his case at the hearing. This raises the more pressing problem of the disputed nature of the hearing.

■ Harris preserved his complaint regarding the nature of the hearing by complaining at the hearing that he did not expect a decision on the merits, that the court's choice to make that decision prevented him from calling a witness, and that the witness's testimony would help him prove his case. A party must preserve error by objecting, moving, or requesting relief upon discovering that the court is conducting a more substantive bill-of-review inquiry than the party expected. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372 (Tex.1988). In that case, the supreme court reinstated a trial court's decision on the merits of a bill of review. *Id.* at 373. The court of appeals had reversed the trial court, finding that, prior to the bench trial, the petitioner's attorney had thought that the proceeding was to be the prima facie hearing; the court of appeals remanded the case for trial, holding that the proceeding was the pretrial hearing and that the petitioner had established a prima facie case. *EMW Mfg. Co. v. Lemons*, 741 S.W.2d 212 (Tex.App.—Fort Worth 1987). The supreme court reversed, holding that EMW's attorney's subjective impression that the proceeding was the pretrial hearing was unimportant because he failed to preserve error by moving for a continuance or objecting once he discovered that the trial court was conduct-

---

1. Presumably, bills of review utterly failing to plead a viable cause of action would be susceptible to summary judgment on that basis just like similarly deficient petitions. *See Chambers v. Huggins*, 709 S.W.2d 219, 224 (Tex.App.—Houston [14th Dist.] 1986, no writ).

ing a full-blown trial. *Lemons,* 747 S.W.2d at 373.

■ Our facts resemble the supreme court's model in *Lemons,* exceeding the facts of *Lemons* itself. Similar to *Lemons,* the record shows that the trial court opened the hearing by announcing, "This is called for hearing on Temporary Injunction." The trial court then proceeded accordingly, making findings and denying the injunction. The court next observed:

> Now, this being only the case where there is a temporary injunction sought, I'm not sure of the posture that that puts the Court in rendering a decision since there's no motion for summary judgment or any other pleadings that I am aware of that would permit me to render anything [except] ... [j]ust denying the injunction. That's all I can see that I can do since that's all we're hearing on the issue we have here. I can make the findings but I don't know [t]hat based on those I can do anything else.

Nevertheless, moments later, the court dismissed the case because Harris had failed to make the prima facie showing required at the pretrial hearing. The court noted that the proof that Harris adduced at the injunction hearing would also go to the merits of the bill; the court apparently decided that the same evidence would be similarly unpersuasive at the pretrial hearing. Apparently unlike the *Lemons* petitioner, however, Harris protested at the hearing that the court was not supposed to decide the merits at the injunction hearing and that he wanted the opportunity to replead and to present an additional witness at the pretrial hearing. The court responded, "Counsel, what he might tell and wouldn't tell is not relevant here right now."

■ The court's dismissal of the case, while perhaps intended to be judicially efficient, was procedurally incorrect. The court gave no notice that the scope of the hearing had broadened until after ruling on the stated issue of the hearing, then squelched Harris's attempts to respond to the change. Though the proof requirements for temporary injunctions resemble and in some ways exceed the standards for the bill-of-review

pretrial hearing, the stakes are markedly different. No rule requires that movants for injunction bring forward all of their proof pertaining to the merits at the injunction hearing. The similarities in proof requirements did not justify denying all relief simply because Harris failed to show himself deserving of temporary injunctive relief. The dismissal was akin to a track-meet official barring a sprinter from a race for running a slow warmup lap. We will reverse the dismissal of the cause of action.

■ We will not disturb the court's denial of the temporary injunction. Ordinarily, the dismissal of the entire action renders the denial of the temporary injunction moot. *See Bryant v. Barnes,* 438 S.W.2d 435, 435 (Tex. Civ.App.—Waco 1968, no writ); *Conway v. Irick,* 429 S.W.2d 648, 650 (Tex.Civ.App.—Fort Worth 1968, writ ref'd). To the extent that our reversal of the dismissal revives our ability to conduct an interlocutory review, we affirm the trial-court's denial because we see no clear abuse of discretion. *See Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). Rather, the court acted well within its discretion in denying temporary relief.

### CONCLUSION

We hold that the trial court erred by dismissing this case after the temporary injunction hearing without providing notice that the merits were at stake. We sustain points one and two. We need not consider the remaining points of error.

We reverse the judgment of dismissal and remand the cause for further proceedings.