**SAVE OUR SPRINGS ALLIANCE, INC. and El Concilio, Appellants,**

v.

**AUSTIN INDEPENDENT SCHOOL DISTRICT, Appellee.**

Nos. 03–97–00606–CV, 03–97–00792–CV.

Court of Appeals of Texas, Austin.

July 2, 1998.

William G. Bunch, Austin, for Appellants.

C. Robert Heath, Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P., Austin, for Appellee.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

YEAKEL, Chief Justice.

This case requires us to interpret the meaning and scope of the real estate exception to the Texas Open Meetings Act. *See* Tex. Gov't Code Ann. § 551.072 (West 1994). Appellants Save our Springs Coalition, Inc.

and El Concilio sued appellee Austin Independent School District ("the District") for violating the Texas Open Meetings Act by discussing in closed session topics that did not fall within the real estate exception. *See* Tex. Gov't Code Ann. §§ 551.001–.146 (West 1994 & Supp.1998) ("the Act"). The trial court granted summary judgment in favor of the District. We will affirm the trial court's judgment.

## BACKGROUND

In mid–1996, the District began conducting meetings and discussions to decide where to locate new schools, including two new middle schools. From November of that year until March of the next, the District conducted a series of public hearings to solicit input regarding the selection of the sites for such schools. These public discussions resulted in the selection of two "relief areas," zones the District determined to have the greatest need for new middle schools.

In May 1997, the District conducted a series of closed meetings to consider the available properties within the two relief areas. Over the course of the closed meetings, the District culled the available properties until two were left in one area and three were left in the other. At that point, the District conducted another public hearing to receive comments on the narrowed list of available properties. The District then notified the public that it would meet in closed session on August 11, 1997 to consider the middle school site selection. The District met in closed session and then reopened the public meeting. At the public meeting, the District voted and selected one property in each relief area.

Appellants, citizen groups advocating preservation of the environment and certain neighborhoods in Austin, sued the District, alleging the District violated the Act by discussing middle school site selection in closed session. Appellants sought a declaration that the District had violated the Act and that the District's subsequent vote was void or voidable. They also sought a temporary injunction, permanent injunction, and writ of mandamus forcing the District to, among other things, reverse its prior action arising out of the allegedly improper closed discussions.

The trial court conducted a hearing on the request for a temporary injunction and denied the request. Appellants pursued an interlocutory appeal to this Court.[1] While the interlocutory appeal was pending, the District filed a motion for summary judgment, which the trial court granted.[2] Appellants challenge this final judgment in seven points of error.[3] The appeals have been combined for submission and consideration.

## DISCUSSION

The Act generally requires governmental entities to make their meetings open to the public, *see* Act § 551.002 (West 1994), but contains several exceptions, *see* Act §§ 551.071–.085 (West 1994 & Supp.1998). One of those exceptions authorizes public entities to "conduct a closed meeting to deliberate the purchase, exchange, lease, or value of real property if deliberation in an open meeting would have a detrimental effect on the position of the governmental body in negotiations with a third person." Act § 551.072 (West 1994). The District relied upon this exception when it notified the public that it planned to meet in closed session on August 11, 1997 to discuss middle school site selection.

Appellants' seven points of error attacking the final judgment fall into two categories: three concern rulings the trial court made on certain evidence appellants introduced at dif-

---

1. The appeal from the denial of the temporary injunction is designated Cause Number 03–97–00606–CV.

2. The Texas Civil Practice and Remedies Code provides that an interlocutory appeal of the denial of a temporary injunction stays "the commencement of a trial in the trial court." *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(b) (West Supp.1998). Appellants did not argue before the trial court, nor do they argue on appeal, that the summary-judgment proceedings were the equivalent of a "trial" as the term is used in section 51.014(b), and we express no opinion on the matter.

3. The appeal from the final judgment is designated Cause Number 03–97–00792–CV.

ferent phases of the proceedings and four concern the propriety of the trial court's ruling on the merits of the motion for summary judgment. We will first address points of error four, five, and six, those concerning the trial court's evidentiary rulings.

At the summary-judgment hearing, appellants attempted to introduce tape recordings of the closed session discussions. The trial judge denied admission of the tapes. The trial court also refused to listen to the tapes at that time.

■ The trial court did not err in refusing to admit evidence tendered at the summary-judgment hearing. The nonmovant in a summary-judgment proceeding may not, without leave of court, submit proof later than seven days before the hearing. Tex.R. Civ. P. 166a(c). Appellants did not obtain leave of court to submit the evidence late. Furthermore, appellants did not seek a delay, as provided for in Texas Rule of Civil Procedure 166a(g), to obtain affidavits or depositions that would controvert the District's proof. A party may not present new evidence at the summary-judgment hearing. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996); *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966) (holding trial court erred in admitting and considering extrinsic evidence at summary-judgment hearing). Therefore, the trial court's refusal to admit the late-proffered tape recordings at the hearing on the motion for summary judgment was not error.

■ Furthermore, the trial court did not err in refusing to listen to the tape recordings before ruling on the motion for summary judgment. When a trial court hears a motion for summary judgment, the court need consider only the record properly before it. *See, e.g., WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 721 (Tex.App.—Dallas 1995, no writ) (citing *Evans v. Conlee*, 741 S.W.2d 504, 510 (Tex.App.—Corpus Christi 1987, no writ)).

Because appellants did not properly present the tape recordings in a form appropriate for consideration in a summary-judgment proceeding, we cannot say the trial court erred in refusing to admit or review the

evidence. We overrule points of error four, five, and six.

We now turn to the points of error concerning the propriety of the court's ruling on the merits of the motion for summary judgment. Points of error one through three focus on whether the District's closed session discussion on August 11, 1997 fell within the real estate exception. In their first two points, appellants contend the District's discussion of the potential middle school sites in closed session did not fall within the exception because: (1) the District already owned one of the potential sites in one relief area, and (2) the District had already entered into an earnest money arrangement on one of the potential sites in the other relief area. According to appellants, the District was no longer involved in negotiations with respect to these two properties when it discussed them in the closed meeting; thus, the District's closed discussion of *all* of the properties fell outside the real estate exception. In their third point, appellants advocate a similar argument that the District's discussion in closed session of social and environmental issues tied to site selection, specifically the effect of locating a school outside minority neighborhoods and over the Edwards Aquifer, did not fall within the real estate exception because it did not concern price negotiations.

Central to each of these contentions is appellants' argument that the real estate exception authorizes closed session discussion of only the amount of money an agency will pay for a certain piece of property. Resolution of this issue requires us to consider the meaning and scope of the words "deliberate the purchase, exchange, lease, or value of real property." No Texas court has construed the real estate exception; the meaning and scope of the exception is a matter of first impression and is a question of law we review de novo. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1993).

■ Appellants argue, and we acknowledge, that the exceptions in the Act are narrowly drawn. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex.1990) (citing *Cox Enters. v. Board of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958

(Tex.1986)). We do not agree, however, that the legislature cast the real estate exception as narrowly as appellants suggest.

■ A federal court has opined, and we agree, that the legislature enacted the real estate exception to prevent an agency from having to "telegraph its punch" in an open meeting to the detriment of the taxpayers. *See Finlan v. City of Dallas,* 888 F.Supp. 779, 787 (N.D.Tex.1995). Open discussion of the amount of money an agency will offer or accept for a single piece of property is not the only discussion that concerns the "purchase, exchange, lease, or value of real property" or that will "telegraph the agency's punch." "Value" includes not only "monetary worth," but also "relative worth, utility, or importance." *Webster's Third New International Dictionary* 2530 (Philip B. Gove ed., 1986). When an agency is considering purchasing one of several pieces of property, it may determine the "value" of the various properties based on factors other than purchase price. Open discussion of an agency's subjective valuation of properties, even if expressed in nonmonetary terms, might "telegraph the agency's punch" by making the agency's preference known to sellers who might then demand more money for the preferred properties than they would if they thought they were competing equally with other sellers. This consideration does not evaporate simply because the agency already owns one of the properties and has negotiated the price of another. So long as the agency deliberates the value of those properties in comparison to the value of some *other* property, the price of which the agency has *not* negotiated, and deliberating in open session would detrimentally affect subsequent negotiations, the deliberations fall within the scope of the real estate exception. Therefore, appellants' argument that closed session discussion of nonmonetary attributes of property violates the Act is without merit.

■ The issue remains, however, whether the District established that open deliberation of the value of the properties would have had a detrimental effect on the District's negotiations with a third person. *See* Act § 551.072. The District contended in its motion for summary judgment that no material fact issue existed as to whether open discussion of the pros and cons of the two or three available properties in each relief zone would have had a detrimental effect on the District's subsequent negotiations, if any ensued. This was one of several theories advanced by the District in its motion for summary judgment. The trial court did not state the basis for its ruling in the summary-judgment order. Under these circumstances, we must uphold the judgment on any valid theory asserted in the motion. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989). We will examine the summary-judgment record as it pertains to whether open deliberation would have had a detrimental effect on the District's negotiations with third parties.

In reviewing the summary judgment, we apply well-settled standards of review: (1) the District must have shown there is no genuine issue of material fact and that it was entitled to judgment as a matter of law; (2) in deciding whether there was a disputed material fact issue precluding summary judgment, we must take evidence favorable to the appellants as true; and (3) we must indulge every reasonable inference in favor of the appellants and resolve any doubts in their favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In its summary-judgment proof, the District provided a transcript of testimony given at the temporary injunction hearing. The testimony was that of a person who had been present at the closed meetings. When asked about the potential effect of open discussion of the District's evaluation of specific sites, the witness testified that if a landowner got the impression that the District preferred his or her property over other property, it would be more difficult for the District to bargain with that landowner in terms of price. Another representative of the District averred,

> It is my opinion that if there were public knowledge about the Board's evaluation of specific sites or which sites were good or high in the Board's estimation, and which sites were low in the Board's estimation, that this information would have adversely affected the District's bargaining position in relation to tracts being acquired from third parties.

In my experience, if a landowner knows that the District is very interested in the landowner's property, it is more difficult for the District to obtain a favorable price for that property. During the period of time between February and August 11, 1997, the District always had several sites under consideration for each relief area in order to have opportunities to bargain for the parcels, and to allow the Board to make a selection based upon the needs of the District.

\* \* \*

Until the Board of Trustees made its decision concerning [the two selected sites] during the open meeting on August 11, 1997, all of the sites that had been deliberated on by the Board for middle schools for each respective relief area were on the table and available for consideration by the Board....

The District's summary-judgment proof also includes statements suggesting that the District was not involved in any negotiations on at least one of the potential sites in each relief area. That is, the District already owned one of the potential sites in one relief area and it had entered into an earnest money contract locking in the purchase price for a site in the other relief area. The proof includes statements by District representatives that open discussion about those two sites in particular would not impede any subsequent negotiations regarding those properties because there were no subsequent negotiations to be had with respect to those two properties. The proof also reveals that, in the end, the District chose the two sites it had already purchased or contracted to purchase.

Appellants contend this proof pertaining to those two particular properties reveals that the District's closed session discussions were unauthorized. We disagree. The District's proof reveals that the District had not selected the middle school sites for the two relief areas before the closed discussions. Furthermore, the proof reveals that the price of

all but two of the potential sites had not been negotiated before the closed meetings. Because the District was considering locating the middle schools on properties other than the ones already negotiated, the closed session discussion regarding the relative feasibility and desirability of all of the potential sites would have had a detrimental effect on future negotiations about the non-negotiated properties, according to two District representatives. Nothing in the District's proof suggests the District had already chosen the sites before the closed meetings or that the District discussed other sites as a subterfuge. For that reason, that the District ultimately selected the pre-negotiated sites is of no consequence. The District established that its closed discussions satisfied the second element of the real estate exception. The District's proof was credible, free from inconsistencies, and capable of being readily controverted. We must, therefore, look to the appellants' response to determine if they controverted the District's proof on this issue. *See* Tex.R. Civ. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

Appellants filed a response to the District's motion for summary judgment, but they did not submit any affidavits or proof in support of their response. Based on the summary-judgment record before us, we conclude there was no genuine issue of material fact and that the District established as a matter of law that disclosure of its closed session deliberations would have had a detrimental effect on future negotiations regarding some of the properties discussed. Accordingly, we overrule appellants' first three points of error.[4]

In their seventh point of error, appellants argue generally that the trial court erred in granting the summary judgment because material fact issues existed about exactly what the District discussed in closed session. When we examined the propriety of summary judgment above, we viewed all the evidence in appellants' favor and held that

---

4. Appellants urge us to determine anew whether open discussion would have had a detrimental effect on subsequent negotiations. We decline to

do so, concluding that this is a fact-intensive question properly addressed at the trial court level.

even the topics *alleged* to have been discussed did fall within the real estate exception. Furthermore, we have held that the trial court did not err in refusing to consider the testimony and tape-recordings as evidence at the summary-judgment proceeding because appellants neither presented it timely nor attempted to delay the proceedings by affidavit. Appellants do not raise any issues in their seventh point of error that we have not already addressed in resolving their previous points of error. Based on the summary-judgment record properly before us, no material fact issues are present. Accordingly, we overrule point of error seven.

■ The only issues left to address are the appellants' challenge of several rulings the trial court made at the temporary injunction hearing.[5] The District has filed a motion to dismiss the interlocutory appeal of the denial of the temporary injunction as moot based on the fact that the trial court has rendered a final judgment in the cause. The trial court's final judgment rendered the appeal of the temporary injunction moot. *See Isuani v. Manske–Sheffield Radiology Group, P.A.,* 802 S.W.2d 235, 236 (Tex.1991). We conclude the District's motion is meritorious and we grant the motion.

## CONCLUSION

Having overruled all of appellants' points of error, we affirm the judgment of the trial court. We dismiss the related interlocutory appeal as moot.