ACCEPTED
01-15-00790-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 12:05:33 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00790-CV

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 12:05:33 PM
CHRISTOPHER A. PRINE
Clerk

_____

LATTER DAY DELIVERANCE REVIVAL CHURCH          APPELLANT

V.

THE HOUSTON HOUSING AUTHORITY                      APPELLEE

_____

**MOTION TO DISMISS INTERLOCUTORY APPEAL AS MOOT**
**[filed by Appellee Houston Housing Authority]**

_____

Appellee Houston Housing Authority ("HHA") respectfully moves this honorable Court to dismiss this appeal as moot insofar as it is taken from the trial court's order denying a temporary injunction.

1.      This appeal originated as an interlocutory (accelerated) appeal from a September 1, 2015, trial court order (Exhibit A to this motion) denying the appellant's application for a temporary injunction.

2.      On September 11, 2015, the trial court signed an order (the "September 11 order," Exhibit B to this motion) granting HHA's plea to the jurisdiction. This order had the effect of disposing of all remaining parties and issues in the case, and therefore constituted a final judgment.

**MOTION TO DISMISS INTERLOCUTORY APPEAL AS MOOT – Page 1**
SP-#7248058-v1-HHA_Motion_to_Dismiss_Interlocutory_Appeal_as_Moot.docx

3.     The appellant (along with a co-appellant) has appealed from the September 11 order.  It appears that the clerk of this Court has treated the appeal from the final judgment as part of this accelerated appeal.

4.     Since the purpose of a temporary injunction is to preserve the *status quo* pending final judgment, and since a temporary injunction expires upon final judgment, it is routinely held that the rendition of a final judgment moots an appeal from an order denying a temporary injunction.  *See Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (*per curiam*); *Lowe v. Farm Credit Bank*, 2 S.W.3d 293, 299-300 (Tex. App. – San Antonio 1999, pet. denied); *Save Our Springs Alliance, Inc. v. Austin Independent School District*, 973 S.W.2d 378, 384 (Tex. App. – Austin 1998, no pet.); *Bonilla v. Roberson*, 918 S.W.2d 17, 20-21 (Tex. App. – Corpus Christi 1996, no pet.); *Roadrunner Investments, Inc. v. Texas Utilities Fuel Co.*, 526 S.W.2d 615, 616-17 (Tex. Civ. App. – Fort Worth 1975, no writ); *City of Corpus Christi v. Cartwright*, 281 S.W.2d 343, 343-44 (Tex. Civ. App. – San Antonio 1955, no writ); *Spencer v. Steele*, 132 S.W.2d 146, 146 (Tex. Civ. App. – San Antonio 1939, no writ).[1]

5.     The denial of the temporary injunction is moot even where, as here, the final judgment is on appeal.  *See Jordan v. Landry's Seafood Restaurant, Inc.*,

---

[1] *Accord*, *Movies & Games 4 Sale, L.P. v. Video Advantage, Inc.*, No. 05-97-00536-CV, 1997 Tex. App. LEXIS 3723, *1 (Tex. App. – Dallas July 17, 1997, no pet.) (not designated for publication).

89 S.W.3d 737, 741 (Tex. App. – Houston [1st Dist.] 2002, pet. denied) (appeal after final judgment dismissed as to denial of temporary injunction; judgment affirmed on merits); *Lowe v. Farm Credit Bank*, 2 S.W.3d at 299-300 (appeal from denial of temporary injunction dismissed as moot; final judgment affirmed); *EMW Manufacturing Co. v. Lemons*, 741 S.W.2d 212, 214 (Tex. App. – Fort Worth 1987) (appeal from denial of temporary injunction voluntarily dismissed; complaint about denial in final-judgment appeal overruled as moot; final judgment reversed on merits), *rev'd on other grounds*, 747 S.W.2d 372 (Tex. 1988); *cf. Harris v. Moore*, 912 S.W.2d 860, 863 (Tex. App. – Austin 1995, no pet.) (appeal from denial of temporary injunction rejected on alternative grounds of mootness and no abuse of discretion; final judgment reversed).

Appellee Houston Housing Authority respectfully prays: (1) that this appeal be dismissed as moot insofar as it is taken from the trial court's order denying a temporary injunction; and (2) for such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

/s/ P. Michael Jung

P. MICHAEL JUNG
State Bar No. 11054600
KEVIN J. MAGUIRE
State Bar No. 12827900
KIMBERLY H. MURPHY
State Bar No. 24075619

SAMUEL J. LOUIS
State Bar No. 12588040

Strasburger & Price, LLP
909 Fannin Street, Suite 2300
Houston, TX 77010
713.951.5604
832.397.3503 (telecopy)
sam.louis@strasburger.com

Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202-3794
214.651.4300
214.651.4330 (telecopy)
michael.jung@strasburger.com
kevin.maguire@strasburger.com
kim.murphy@strasburger.com

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF CONFERENCE

I hereby certify that I have contacted Aaron Streett, Esq., counsel for the appellant, concerning this motion. Mr. Streett has stated that this motion is opposed.

/s/ P. Michael Jung

P. MICHAEL JUNG

## CERTIFICATE OF SERVICE

I hereby certify that this Motion to Dismiss Interlocutory Appeal as Moot has been served on all parties to this appeal by electronic service through eFile Texas.gov on: Aaron Street, Esq., Attorney for Appellant Latter Day Deliverance Revival Church; and Hiram S. Sasser III, Esq., Attorney for Appellant Latter Day Deliverance Revival Church; both on this 7th day of October, 2015.

*/s/ P. Michael Jung*
P. MICHAEL JUNG

CAUSE NO. 2015-45093

| | | |
|---|---|---|
| LATTER DAY DELIVERANCE REVIVAL )( | IN THE DISTRICT COURT OF | |
| CHURCH, and CHRISTIAN FELLOWSHIP )( | | |
| MISSIONARY BAPTIST CHURCH )( | | |
| )( | | |
| vs. )( | HARRIS COUNTY, TEXAS | FILED |
| )( | | Chris Daniel |
| THE HOUSTON HOUSING AUTHORITY )( | 190TH JUDICIAL DISTRICT | District Clerk |

**ORDER**

Time: **SEP - 1 2015**

Harris County, Texas

By_____
Deputy

On August 31, 2015, came to be heard Plaintiffs Latter Day Deliverance Revival Church and Christian Fellowship Missionary Baptist Church's Application for Temporary Injunction. Plaintiffs and Defendant The Houston Housing Authority appeared by and through counsel. The Court heard arguments on the Application subject to the Plea to the Jurisdiction filed by The Houston Housing Authority set on the Court's docket for September 10, 2015. The parties made opening statements, each side presented evidence, and closing statements were made. The Court, having reviewed the evidence, applicable law and the arguments of counsel, finds as follows:

1) Defendant The Houston Housing Authority has not filed any petition for condemnation against Christian Fellowship Missionary Baptist Church and there is no evidence by which Christian Fellowship Missionary Baptist Church has established the requisite imminent harm or irreparable injury necessary to obtain for injunctive relief.

2) The Houston Housing Authority seeks condemnation of Tract 9, commonly known as 3923 Lyons Ave., Houston, Texas, Tract 11, commonly known as 4025 Lyons Ave., and Tract 14, commonly known as 1613 Benson St., Houston, Texas, in Cause No. 1063295 filed in County Court at Law Two of Harris County, Texas. These tracts of land are owned by Latter Day Deliverance Revival Church and are at issue in this litigation.

3) Plaintiff Latter Day Deliverance Revival Church was required to establish a probable right to relief under the Texas Religious Freedom Restoration Act in order to obtain injunctive relief.

4) The church related activities conducted by Latter Day Deliverance Revival Church on Tracts 9, 11 and 14 constitute the exercise of religion.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

EXHIBIT A

5) The Court finds that if the City prevails in its condemnation case in Cause No. 1063295 and takes Tracts 9, 11 and 14 by eminent domain, a burden would be imposed upon Latter Day Deliverance Revival Church's expression of religion. However, Latter Day Deliverance Revival Church owns other lots or tracts in close proximity to Tracts 9, 11 and 14 and those other lots or tracts are available, alternative locations where Latter Day Deliverance Revival Church can continue to conduct those religious activities which it currently conducts on Tracts 9, 11 and 14. The evidence fails to show that the burden imposed by a taking of Tracts 9, 11 and 14 would be a substantial burden. Latter Day Deliverance Revival Church did not establish a probable right of recovery under the Texas Religious Freedom Restoration Act, a finding necessary to obtain injunctive relief.

6) The Court makes no finding on whether the City has proven a compelling governmental interest or whether the City's action represents the least restrictive means.

It is therefore ORDERED that Plaintiff Christian Fellowship Missionary Baptist Church's Application for Temporary Injunction is DENIED.

It is further ORDERED that Plaintiff Latter Day Deliverance Revival Church's Application for Temporary Injunction is DENIED.

SIGNED this ____1____ day of ____Sept____, 2015.

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

8/25/2015 4:18:56 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6648440
By: MOSLEY, DEANDRA S
Filed: 8/25/2015 4:18:56 PM

NO. 2015-45093

P. 1

PJURX

11 A

| | | |
|---|---|---|
| LATTER DAY DELIVERANCE REVIVAL CHURCH, and CHRISTIAN FELLOWSHIP MISSIONARY BAPTIST CHURCH | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| THE HOUSTON HOUSING AUTHORITY | § § | |
| Defendant. | § | 190TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION

On this day, Defendant's Plea to the Jurisdiction came to be heard. After reading the pleadings, hearing the arguments presented by counsel, reviewing the evidence and case law and considering the same, the Court finds that Defendant's Plea to the Jurisdiction is GRANTED.

Therefore, IT IS ORDERED, ADJUDGED, AND DECREED, that the Houston Housing Authority's Plea to the Jurisdiction is GRANTED.

SIGNED _Sept 11_, 2015.

_[signature]_
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

Order
7136822.1/SP/33383/0104/082515

*Solo*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

ACa

EXHIBIT B