ACCEPTED
01-15-00790-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 3:52:49 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00790-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 3:52:49 PM
CHRISTOPHER A. PRINE
Clerk

LATTER DAY DELIVERANCE REVIVAL CHURCH AND
CHRISTIAN FELLOWSHIP MISSIONARY BAPTIST CHURCH,

Appellants,

v.

HOUSTON HOUSING AUTHORITY

Appellee.

**APPELLANT LATTER DAY DELIVERANCE REVIVAL CHURCH'S
RESPONSE TO APPELLEE HOUSTON HOUSING AUTHORITY'S
MOTION TO DISMISS INTERLOCUTORY APPEAL AS MOOT**

Appellant Latter Day Deliverance Revival Church (Latter Day) respectfully requests that the Appellee Houston Housing Authority's (HHA) Motion to Dismiss Interlocutory Appeal As Moot be denied.

1.    Latter Day filed this action under the Religious Freedom Restoration Act (RFRA), seeking to prevent HHA from condemning its church property through eminent domain for use as a targeted public-housing project. Latter Day moved for a temporary injunction, and the district court held a hearing.

2.    The district court issued an order denying Appellants' request for temporary injunction on September 1, 2015, on the sole basis that Latter Day had failed to show that HHA's taking of its church properties would impose a substantial burden on Latter Day's religious practice. (Ex. A, Order Denying Temporary

Injunction.)

3. Latter Day filed an interlocutory appeal of that decision on September 4, 2015.

4. On September 11, 2015, the trial court entered an order granting the HHA's plea to the jurisdiction. HHA had argued that the district court lacked jurisdiction because the County Court at Law has exclusive jurisdiction of condemnation actions and because Latter Day allegedly failed to provide the 60-day pre-suit notice usually required by RFRA.[1]

5. Latter Day and Christian Fellowship filed a notice of appeal on September 18, 2015 challenging the jurisdictional dismissal. The appeals from the denial of temporary injunction and from the plea to the jurisdiction are consolidated in the above case number. Appellants' opening brief is due November 18, 2015. Appellants intend to address both the jurisdictional dismissal and the temporary-injunction ruling in their opening brief.

6. HHA moves to dismiss the interlocutory appeal from the denial of temporary injunction because "it is routinely held that the rendition of a final

---

[1] Latter Day countered that the district courts and county courts at law share concurrent jurisdiction over suits that are related to condemnation actions but not themselves condemnation actions, see Taub v. Aquila Sw. Pipeline Corp., 93 S.W.3d 451 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (allowing a landowner's trespass to title claim against a condemnor in district court and holding that "the Harris County Civil Courts at Law have jurisdiction, but not exclusive jurisdiction, over a landowner's claim . . . when those claims are inherently intertwined in an eminent domain proceeding"); county court jurisdiction had not attached because HHA had not served Latter Day with the condemnation action at the time HHA filed its RFRA suit in district court (indeed, it was not served until October 2, 2015); the pre-suit notice requirement is not jurisdictional, see Barr v. City of Sinton, 295 S.W.3d 287, 292 n.8 (Tex. 2009); and even if the pre-suit notice requirement was jurisdictional, Latter Day satisfies the exception to the pre-suit notice requirement, and in any event, complied by providing pre-suit notice before filing its first amended complaint.

2

Active 21100888.4

judgment moots an appeal from an order denying a temporary injunction." (Mot. ¶ 4.)

7. The motion should be denied. The rule cited by HHA applies only when the district court renders final judgment *on the merits* while an appeal of the temporary injunction is pending. The reason is obvious: It makes no sense for an appellate court to review a *temporary* resolution of the merits when it can instead review a *final* resolution of the merits on a complete record. As the Texas Supreme Court explained, "[t]he rules of law concerning dismissal of an appeal from a temporary injunction after it has been rendered moot by a final judgment are necessary to prevent *premature review of the merits* of the case." *Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (emphasis added). That rule prevents parties from using a temporary-injunction appeal "to obtain an advance ruling *on the merits*" and the resulting inefficiency of courts reviewing the merits twice. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981) (emphasis added). In both of these Supreme Court cases, the Court dismissed a temporary-injunction appeal as moot where the district court had already rendered final judgment on the merits. Unsurprisingly, every lower-court case cited by HHA likewise involved the scenario where an appellate court dismissed the interlocutory appeal of a temporary injunction after the district court had rendered a

Active 21100888.4

final judgment *on the merits*.[2]

8.     Neither the mootness rule nor its stated rationale applies here. The district court did not enter final judgment on the merits. It granted HHA's plea to the jurisdiction for reasons that have nothing to do with the merits-based reasons it had previously denied the temporary injunction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit."); *City of Dallas v. Brown*, 373 S.W.3d 204, 208 (Tex. App.—Dallas 2012, pet. denied) ("In our review of both the plea to the jurisdiction and the temporary injunction, the ultimate merits of the parties' controversy are not before us."). Thus, the appeal of the temporary-injunction denial is in no sense "moot." If this Court reverses the district court's erroneous jurisdictional ruling, the temporary-injunction ruling would then be ripe for this Court's review. Reviewing the temporary-injunction ruling would not present the risk of "reviewing the merits twice" in the same appeal because the district court has not yet entered final

---

[2] *See Lowe v. Farm Credit Bank*, 2 S.W.3d 293, 299-300 (Tex. App.—San Antonio 1999, pet. denied) (upholding grant of summary judgment on merits and dismissing interlocutory appeal of temporary-injunction denial as moot); *Save Our Springs Alliance, Inc. v. Austin Independent School District*, 973 S.W.2d 378, 384 (Tex. App.—Austin 1998, no pet.) (same); *Bonilla v. Roberson*, 918 S.W.2d 17, 20-21 (Tex. App.—Corpus Christi 1996, no pet.) (dismissing interlocutory appeal of temporary-injunction denial as moot after final judgment on the merits); *Roadrunner Investments, Inc. v. Texas Utilities Fuel Co.*, 526 S.W.2d 615, 616-17 (Tex. Civ. App.—Fort Worth 1975, no writ) (upholding grant of summary judgment on merits and dismissing interlocutory appeal of temporary-injunction denial as moot); *City of Corpus Christi v. Cartwright*, 281 S.W.2d 343, 343-44 (Tex. Civ. App.—San Antonio 1955, no writ) (dismissing interlocutory appeal of temporary-injunction denial as moot after final judgment on the merits); *Spencer v. Steele*, 132 S.W.2d 146, 146 (Tex. Civ. App.—San Antonio 1939, no writ) (same); *Jordan v. Landry's Seafood Restaurant, Inc.*, 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (upholding grant of summary judgment on merits and dismissing appeal of temporary injunction as moot); *EMW Manufacturing Co. v. Lemons*, 741 S.W.2d 212, 214 (Tex. App.—Fort Worth 1987) (remanding for trial on merits and dismissing appeal of temporary injunction as moot).

4

judgment on the merits. Nor would it provide a "premature review of the merits" because the Court will review the jurisdictional dismissal before it reaches the temporary-injunction issue, and those issues rest on entirely distinct grounds. The Court would proceed just as it does on every temporary-injunction appeal—by reviewing the limited record to determine if the district court abused its discretion. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

9. Extending the mootness rule to non-merits jurisdictional dismissals would cause the very duplication of effort the rule is designed to avoid. If this Court were to dismiss the temporary-injunction appeal as moot *before* addressing the district court's jurisdictional ruling—as HHA requests—it would create a high risk of duplicating judicial effort and wasting party resources. That is, if the Court dismisses the temporary-injunction appeal as moot, but reverses the district court's jurisdictional dismissal, Latter Day on remand would have to file *another* request for temporary injunction in district court. The district court would have to hold *another* hearing and render *another* ruling. Assuming the same result as before, Latter Day would have to file *another* interlocutory appeal. There is no reason to put the courts and parties through this charade when the Court already has a temporary-injunction appeal with a proper record before it now. Certainly, no case cited by HHA compels this absurd result.

10. To be sure, if this Court *affirms* the district court's jurisdictional

Active 21100888.4

dismissal, the case is over and the temporary-injunction appeal is moot. But the temporary-injunction appeal is not moot *until* that happens. For if the Court reverses the district court's jurisdiction ruling—Issue One in Latter Day's appeal—it will then properly turn to the district court's denial of the temporary injunction—Issue Two in this appeal.

11. That is what happened in the most analogous case located by the parties. In *Harris v. Moore*, 912 S.W.2d 860 (Tex. App.—Austin 1995, no pet.), the trial court denied a temporary injunction and then immediately dismissed the case based on "pleading defects" in the bill of review *Id.* at 861-62. The plaintiff appealed both rulings. The court of appeals held that the trial court procedurally erred in abruptly "dismissing for pleading defects" without full opportunity for the plaintiff to make his case. *Id.* at 862. The court recognized the "ordinar[y]" rule that a final judgment moots a temporary-injunction appeal. *Id.* at 863. But it also recognized that its reversal of the district court's procedurally erroneous dismissal may have "revive[d]" the interlocutory appeal of the temporary-injunction denial. *Id.* The court thus reached the merits of the temporary-injunction ruling, and affirmed the trial court because there was no abuse of discretion. *Id.*

12. While *Harris* is not directly on point, it helpfully illustrates the limits of the mootness rule. Where a trial court has not finally disposed of the merits in a procedurally sound way, nothing prevents the appellate court from reviewing

6

the denial of a temporary injunction. And the case for declining to extend the mootness rule is far stronger here, for in *Harris* the ground for dismissal was merits-related, while here it is purely jurisdictional.

For these reasons, Appellants respectfully request that the Court deny Appellee's Motion to Dismiss Interlocutory Appeal as Moot and for such other relief that the Court may grant.

Active 21100888.4

Respectfully submitted,

BAKER BOTTS L.L.P.


By: /s/ *Aaron Streett*

Aaron Streett
State Bar No. 24037561
Sam Burk
State Bar No. 24064974
Shane Pennington
State Bar No. 24080720
Jonathan Havens
State Bar No. 24087686
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:  (713) 229-7847
aaron.streett@bakerbotts.com
sam.burk@bakerbotts.com
shane.pennington@bakerbotts.com
jonathan.havens@bakerbotts.com

Hiram S. Sasser, III
State Bar No. 24039157
Justin E. Butterfield
State Bar No. 24062642
LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
hsasser@libertyinstitute.org
jbutterfield@libertyinstitute.org

ATTORNEYS FOR APPELLANTS
LATTER DAY DELIVERANCE
REVIVAL CHURCH AND
CHRISTIAN FELLOWSHIP
MISSIONARY BAPTIST CHURCH

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was served on all counsel of record listed below by electronic service on October 16, 2015.

*Counsel for Houston Housing Authority*:

STRASBURGER & PRICE
P. Michael Jung
State Bar No. 11054600
Kevin J. Maguire
State Bar No. 12827900
Kimberly H. Murphy
State Bar No. 24075619
901 Main Street, Suite 4400
Dallas, Texas 75202
michael.jung@strasburger.com
kevin.maguire@strasburger.com
kim.murphy@strasburger.com
Tel: 214.651.4300
Fax: 214.659.4330

Samuel J. Louis
State Bar No. 12588040
909 Fannin Street, Suite 2300
Houston, Texas 77010
sam.louis@strasburger.com
Tel: 713.951.5604
Fax: 832.397.3503

*/s/Jonathan Havens*
Jonathan Havens

9