**Affirmed and Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00811-CV

## SHEILA SMITH, AND/OR ALL OCCUPANTS OF 3434 SOUTHMORE BLVD., HOUSTON, TEXAS 77004-6349, Appellants

### V.

## DLJ MORTGAGE CAPITAL, INC., ITS SUCCESSORS AND ASSIGNS Appellees

**On Appeal from the County Civil Court at Law Number 3
Harris County, Texas
Trial Court Cause No. 1082501**

## O P I N I O N

In this appeal from a county court at law's judgment in the de novo appeal of a forcible-detainer action, the appellant/lessee asserts that a foreclosure terminated the rights of the person who leased the real property to her but that, under the Protecting Tenants Against Foreclosures Act, the foreclosure did not terminate her rights as lessee. The appellant/lessee argues she was a bona fide tenant residing on the premises under a valid lease that predated the substitute trustee's notice of the

foreclosure sale. Concluding that the appellant has not shown that the county court at law erred in rendering judgment in favor of the current owner, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, appellant/defendant Sheila Smith entered into a residential lease with George Campbell, the then-owner of the real property at 3434 Southmore in Houston, Texas ("Real Property"). Under this instrument, Smith leased a portion of the improvements to the Real Property for a term beginning on February 3, 2012, and ending on January 31, 2016.

Campbell had executed a deed of trust in 2007. In August 2013, the substitute trustee under the deed of trust noticed a non-judicial foreclosure of the lien, and the substitute trustee conducted a foreclosure sale in September 2013. Appellee/plaintiff DLJ Mortgage Capital, Inc. made the highest bid at the sale, and the substitute trustee signed a "Foreclosure Sale Deed" in September 2013, purporting to convey the Real Property to DLJ Mortgage. DLJ Mortgage then prosecuted a number of forcible-detainer actions seeking to obtain possession of the Real Property from Campbell, Smith, and others.

In one of these cases, filed in July 2015, DLJ Mortgage asserted a forcible-detainer action against Smith and all occupants of the Real Property. The justice court ruled in favor of DLJ Mortgage. On January 12, 2016, following a trial de novo on appeal, the county court at law rendered judgment that DLJ Mortgage take nothing, based in part on the Protecting Tenants Against Foreclosures Act. DLJ Mortgage did not appeal this judgment.

Instead, in June 2016, DLJ Mortgage filed this forcible-detainer action in the justice court against Smith and all occupants of the Real Property. DLJ Mortgage alleged that it owns the Real Property and that Smith's lease had not been renewed

and had expired. In July 2016, the justice court rendered judgment granting DLJ Mortgage possession of the Real Property.

During the trial de novo on appeal in the county court at law, the presiding judge stated that Smith's lease had expired. The county court at law rendered judgment granting DLJ Mortgage possession of the Real Property.

## II. ISSUES AND ANALYSIS

On appeal, Smith asserts in a single issue that when Campbell lost his rights in the Real Property during the foreclosure sale, the sale did not terminate Smith's rights because she is a bona fide tenant residing on the Real Property under a valid lease that predated the substitute trustee's notice of the foreclosure sale. It is difficult to discern from Smith's briefing how she contends the county court at law erred. Nonetheless, Smith invokes her rights under the Protecting Tenants Against Foreclosures Act. *See* Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61, *as amended by* Pub. L. No. 111-203, § 1484, 124 Stat. at 2204. Congress enacted this statute in May 2009, and, as Congress provided, the statute terminated on December 31, 2014.[1] *See id*.

Congress enacted the Protecting Tenants Against Foreclosure Act as a temporary measure to give more protections to tenants during the mortgage-foreclosure crisis. The Act provided protections to tenants residing in dwelling units subject to foreclosure by requiring that successors in interest to foreclosed properties provide "bona fide tenants," as the Act defines the term, with at least ninety days' notice to vacate the property and by providing that a bona fide lease entered into before the notice of foreclosure would survive the foreclosure and

---

[1] Congress originally provided that the statute would terminate on December 31, 2012, and later changed the termination date to December 31, 2014. *See* Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61, *as amended by* Pub. L. No. 111-203, § 1484, 124 Stat. at 2204.

allow a bona fide tenant to occupy the premises under the lease until the end of the remaining lease term, subject to an exception not applicable to today's case. *See id.*

In the portions of the Act relevant to this appeal, Congress provided as follows:

> Sec. 702. Effect of Foreclosure on Preexisting Tenancy.
>
> (a) IN GENERAL.—In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to:
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure—
>
> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>
> (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
> except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.
>
> (b) BONA FIDE LEASE OR TENANCY.—For purposes of this section, a lease or tenancy shall be considered bona fide only if

4

(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

(2) the lease or tenancy was the result of an arms-length transaction; and

(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

*Id*.

We review the county court at law's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to Congress's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language Congress used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words that Congress chose. *See id*.

A.     **Did the county court at law violate any right of Smith under the Act to occupy the premises until the end of the remaining lease term?**

We presume that, under a liberal construction of Smith's brief, Smith argues that the county court at law erred by violating her right as a bona fide tenant under the Act to occupy the premises until the end of the remaining term of the bona fide lease that she entered into with Campbell before the substitute trustee gave notice of the foreclosure. We also presume that the lease was a bona fide lease; Smith was a bona fide tenant; and the Act governs whether Smith has the right to occupy

5

the premises until the end of the remaining lease term even though the Act terminated on December 31, 2014. Even operating under these presumptions, the unambiguous language of the Act provides that Smith would have had the right to occupy the premises only until the end of the remaining lease term. *See* Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61, *as amended by* Pub. L. No. 111-203, § 1484, 124 Stat. at 2204; *Miles v. J.P. Morgan Chase Bank*, No. 05-13-01337-CV, 2015 WL 224931, at *1 (Tex. App.—Dallas Jan. 15, 2015, no pet.) (mem. op.).

The county court at law did not issue findings of fact and conclusion of law, and we presume that the county court at law made all findings necessary to support its judgment, including the finding that the remaining term of Smith's lease ended on January 31, 2016, before DLJ Mortgage filed this forcible-detainer action in the justice court. *See Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex. 1988) (per curiam).

In assessing legal sufficiency, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

In gauging whether the evidence is factually sufficient, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). After considering and weighing all the evidence, we set aside the fact

finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp.*, 971 S.W.2d at 407.

Applying these well-worn standards to the record evidence, we conclude the trial evidence is both legally sufficient and factually sufficient to support the county court at law's implied finding that the remaining term of Smith's lease ended on January 31, 2016, before DLJ Mortgage filed this forcible-detainer action in the justice court. Based on this finding, the county court at law did not violate Smith's right under the Act to occupy the premises until the end of the remaining term of the lease. *See* Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61, *as amended by* Pub. L. No. 111-203, § 1484, 124 Stat. at 2204; *Miles*, 2015 WL 224931, at *1.

**B.      Did the county court at law violate Smith's alleged right under the Act to ninety days' notice to vacate the premises?**

We presume that, under a liberal construction of Smith's brief, Smith argues that the county court at law erred by violating her right as a bona fide tenant under the Act to ninety days' notice to vacate the premises. The trial evidence included a notice to vacate dated June 2, 2016, and DLJ Mortgage filed this forcible-detainer action in the justice court later that same month. Under the Act's plain text, the statute terminated on December 31, 2014. *See* Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61, *as amended by* Pub. L. No. 111-203, § 1484, 124 Stat. at 2204.

7

Though we presumed in the previous section that any right Smith had to occupy the premises until the end of the remaining lease term continued after the statute's termination, that statutory protection would have been triggered during the foreclosure sale in September 2013, when the Act still was in effect. Any ninety-day-notice requirement of the Act would not come into play until DLJ Mortgage decided to pursue a forcible-detainer action after January 31, 2016, the date on which DLJ Mortgage contends that the lease expired. Because the Act terminated more than a year before that juncture, we conclude that the Act did not require DLJ Mortgage to give ninety days' notice to vacate. *See U.S. Bank NA v. Koo*, No. SA CV 171539 AG, 2017 WL 4081890, at *2 (C.D. Cal. Sept. 14, 2017) (concluding that the Act did not apply when notice to vacate was given after the Act expired); *McCoy v. Deutsche Bank National Trust Co.*, No. 15-CV-00613-RBJ-KLM, 2016 WL 1047822, at *7 (D. Co. Feb. 23, 2016) (same as *U.S. Bank NA v. Koo*). Thus, the trial court did not err by violating a right under the Act to ninety days' notice to vacate the premises. *See Koo*, 2017 WL 4081890, at *2; *McCoy*, 2016 WL 1047822, at *7.

**C. Did Smith adequately brief a challenge to the county court at law's judgment based on res judicata?**

Smith asserts in passing that the doctrine of res judicata should have barred this forcible-detainer action because another county court at law decided this claim in the January 2016 judgment in Smith's favor in the prior forcible-detainer action. Adequate appellate briefing entails more than mentioning arguments in passing. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We interpret this requirement reasonably and

8

liberally. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). Yet, we enforce the briefing rules, and they require the appellant to put forth some specific argument and analysis showing that the record and the law support the appellant's contentions. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Although Smith asserts that the doctrine of res judicata should have barred this forcible-detainer action based on the judgment in Smith's favor in the prior forcible-detainer action, Smith has not complied with the briefing rules to adequately brief these arguments. *See San Saba Energy, L.P.*, 171 S.W.3d at 338. To the extent Smith asserts an appellate complaint based on res judicata, she has forfeited it due to inadequate briefing.[2] *See id.*

### III. CONCLUSION

The county court at law impliedly found that the remaining term of Smith's lease ended before DLJ Mortgage filed this forcible-detainer action in the justice court, and the trial evidence is legally sufficient and factually sufficient to support this finding. Based on this finding, the county court at law did not violate any right Smith may have had under the Protecting Tenants Against Foreclosures Act to occupy the premises until the end of the remaining lease term. To the extent Smith argues that the county court at law erred by violating her right as a bona fide tenant under the Act to ninety days' notice to vacate the property, we conclude that the Act did not require DLJ Mortgage to give ninety days' notice to vacate because the Act already had terminated by its own terms.

---

[2] The judgment in the prior forcible-detainer action addressed Smith's right to possess the premises in question while the lease still was in effect. Even if Smith had not forfeited the res judicata argument, we still would conclude that res judicata did not bar this forcible-detainer action.

9

Because Smith has not shown that the county court at law erred in rendering judgment in DLJ Mortgage's favor, we overrule Smith's sole appellate issue and affirm the county court at law's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.